**Richmond.**

RICHMOND AND DANVILLE R. R. CO. v. MOORE'S ADM'R.

December 6th, 1883.

1. PRACTICE AT COMMON LAW—*Demurrer to evidence—Rule in Virginia.*—Either party may demur, unless case be clearly against party offering, or court doubts what facts should be reasonably inferred from the evidence demurred to; all the evidence on both sides is put into the demurrer; demurrant admits all that could be reasonably inferred by a jury from demurree's evidence, and waives all his evidence which contradicts demurree's, or the credit whereof is impeached, and all inferences from his own evidence which do not necessarily flow from it.

2. RAILROAD COMPANIES—*Negligence—Contributory—Case at bar.*—M was on 24th December, 1879, conductor of freight train on R. & D. R. R., running from Greensboro' to Richmond. A car was taken into train during the night at Burkeville, the handle of the ladder whereof had been broken off long enough for the fracture to appear weather-worn. Next morning at Powhatan station, M, attempting to descend this ladder, face towards it, caught at, and would have caught the handle, had it been in its place, but fell and was killed. Conflict in evidence as to whether M was drunk, and negligent or otherwise. In suit by personal representative of M for damages, defendant demurred to the evidence. On error—

HELD (*by a majority of the court—Lewis, P., and Hinton. J., dissenting*):
1. Defendant was guilty of negligence in permitting the car ladder to remain out of order, which negligence caused M's death, and renders defendant liable for damages.
2. Under the rule governing demurrers to evidence, M contributed in in no way to the accident by his own misconduct.

Error to judgment of circuit court of Powhatan county, rendered 10th April, 1881, in action of trespass on the case, wherein R. C. C. Moore, administrator of R. V. Moore, deceased, was plaintiff, and the Richmond and Danville Railroad Company was defendant. Object of the action was

to recover damages for the killing of decedent, a freight conductor on said railroad, by the negligence of the defendant. Plea, not guilty, and evidence offered tending to show contributory negligence on decedent's part. Defendant demurred to the evidence. Verdict for plaintiff for $9,000 damages, and judgment accordingly. Defendant obtained writ of error. Opinion states the facts.

*H. H. Marshall, R. T. Hubard* and *H. Taylor, Jr.,* for plaintiff in error.

*John W. Riely, Irving & McKinney* and *Carrington & Fitzhugh,* for defendant in error.

LACY, J., delivered the opinion of the court.

Upon the trial of this case, after all the evidence was in, and reduced to writing, the defendant in the circuit court demurred to the plaintiff's evidence, in which the plaintiff joined, and the jury rendered a verdict for the sum of $9,000—subject to the opinion and judgment of the court upon said demurrer. The circuit court overruled the said demurrer and gave judgment for the said plaintiff.

The plaintiff in error contends that the circuit court erred in overruling the said demurrer and giving judgment for the defendant in error; that the said demurrer should have been sustained and judgment given for the defendant in the circuit court; that the accident was not caused by the negligence of the company, but was the result of contributory negligence on the part of the conductor; that he was laboring under much excitement, and was, to a great degree, reckless and incautious, without which he would have been in no danger of losing his life.

Whether the injury was caused by the negligence of the company, or by the negligent conduct and deportment of

the conductor, can be determined only from a consideration of the evidence, as it must be considered in this court upon the authority of many cases decided here.

In this case, as we have observed, there was a demurrer to evidence upon which the case was decided.

Upon the demurrer to the evidence, the practice is, in Virginia, where it has been sanctioned by repeated decisions of this court, to allow either party to demur, unless the case be clearly against the party offering the demurrer, or the court should doubt what facts should be reasonably inferred from the evidence demurred to; in which case the jury is the most fit tribunal to decide; to put all the evidence on both sides into the demurrer; and then to consider the demurrer as if the demurrant had admitted all that could reasonably be inferred by a jury from the evidence given by the other party, and waived all the evidence on his part which contradicts that offered by the other party, or the credit of which is impeached; and all inferences from his own evidence which do not necessarily flow from it.

With these limitations, the party whose evidence is demurred to, has all the benefit of the ancient practice which it was intended to give him, without subjecting the other party to its inconveniences; and no disputed fact is taken from the jury and referred to the court.

The former practice was to require the party demurring to admit upon the record the existence of all the facts which the evidence offered by the other party conduced to prove, and these facts were to be ascertained by the court. Whatever may be the comparative merits of the old and the later rule, about which there has been among the judges some difference of opinion, the rule, as stated above, is now well settled, and nowhere in our courts is it now controverted. "In ascertaining the facts proved directly or by inference, we must not be unmindful of the effects of a de-

murrer to evidence. By it the demurrant allows full credit to the evidence offered by the demurree, and admits all the facts directly proved by, or that a jury might fairly infer from the evidence; and in determining the facts inferable, inferences most favorable to the demurree will be made, in case where there is a grave doubt, which of two inferences shall be deduced. In such cases it would not be sufficient that the mind of the court should incline to the inference favorable to the demurrant, to justify it in making that inference the ground of its judgment. Unless there be a decided preponderance of probability or reason against the inferences that might be made in favor of the demurree, such inference ought to be made. The demurrer withdraws from the jury, the proper triers of facts, the consideration of the evidence by which they are to be ascertained; and the party whose evidence is thus withdrawn from its proper forum, is entitled to have it most benignly interpreted by the substitute. He ought to have all the benefit that might have resulted from a decision of the case by the proper forum. If the facts of the case depend upon circumstantial evidence, or inferences from facts or circumstances in proof, the verdict of a jury ascertaining the facts would not be set aside merely because the court might have made inferences different from those made by the jury. To justify the grant of a new trial, when it depends on the correctness of the decision between different inferences to be drawn from the evidence, it would not suffice that in a doubtful case the court would have made a different inference. The preponderance of argument or probability in favor of this different inference should be manifest. When a question is whether or no a fact ought to be taken as established by the evidence, either directly or inferentially in favor of the demurree, I do not know a juster test than would be furnished by the inquiry, would the court set aside the

verdict had the jury on the evidence found the fact? If the verdict so finding the fact would not be set aside it ought to be considered as established by the evidence demurred to." See opinion of Stanard, J., in *Ware* v. *Stephenson,* 10 Leigh, 155.

We think the views thus announced are sound, and ought to govern in cases of demurrer to evidence. See opinion of Moncure, P., in *Trout* v. *Va. and Tenn. R. R Co.,* 23 Gratt 619; *Tutt* v. *Slaughter's Adm'r,* 5 Gratt. 364; *Green* v. *Judith,* 5 Rand. 1; *Hansborough's Ex'ors* v. *Thom,* 3 Leigh, 147; *Stevens* v. *White,* 2 Wash. 203, 210 (marg.); *Union Steamship Co.* v. *Nottinghams,* 17 Gratt. 115.

These cases show how great a risk a demurrant to evidence runs. So great is this risk that it seems the defendant in *Green* v. *Judith, supra,* lost his cause by demurring to the evidence. *Trout* v. *Va. and Tenn. R. R. Co., supra.*

In this case it is clearly proved that the demurrant below used a freight car in the train in question, from which one of the safeguards which belonged to it, had been broken. The handle at the top of the ladder, fixed against the car in order to ascend to the top of it, had been broken off, and had been broken off long enough to be weather-beaten, and to appear as an old break. The conductor, who was killed, fell from this ladder in attempting to descend it. A witness, whose testimony is admitted to be true by the demurrer, says he saw the conductor commence the descent of this ladder, and that turning he attempted to grasp this handle, but the handle being off he failed to catch it, and his hand came down on the car top and edge, and so he fell. The witness says he saw *that the conductor would have caught the handle if it had been there.* If his testimony is to be *admitted,* we must consider the fact of the negligence of the demurrant, and the fact that it caused the fall of the conductor, as established.

Is there any evidence in the record which we can con-

sider, which established the fact of contributory negligence on the part of the conductor which to any degree brought on his misfortune ?

It is not established that he was drunk. By the demurrer all that is put out of the case, and he must be held to have been sober. It is not proven that this defect in the car was known to the conductor. We are left to the inference that the car was put on the train at Burkeville in the night, and the conductor was killed at Powhatan Station about sunrise, and did not leave the caboose or conductor's car until close to Powhatan station. In this case there is a good deal of conflict in the testimony, especially as to the alleged contributory negligence; but if we adhere to the rules cited above, which govern the consideration of a demurrer to evidence, and take all as admitted which can reasonably be inferred from the evidence of the demurree; reject, or consider as waived all the evidence of the demurrant which contradicts that offered by the demurree, or the credit of which is impeached, and reject all inferences from the demurrant's evidence which do not necessarily flow from it, we are confined to very narrow limits. The result is, that the negligence of the company is proved, and the fact that such negligence, and that alone, caused the accident in question, and that the conductor was in his usual condition, and contributed in no way to the accident by his own misconduct.

The two cases of the *Richmond and Danville R. R. Co.* v. *Morris*, 31 Gratt. 200, and the same *Company* v. *Anderson*, 31 Id. 812, state the doctrine of contributory negligence, and in each the judgment of the lower court was reversed. We have carefully examined those cases, the authorities there cited, and the views herein are, we think, in accord with the opinion of the court in each of those cases. They turned upon the question whether the injury complained of was caused solely by the negligence of

the company or by the negligence of the plaintiff concurring with that of the defendant. In other words, whether there was contributory negligence on the part of the plaintiff. This contributory negligence was found to exist in each case, and it was held that a plaintiff cannot recover in an action for negligence, if it is found that he has been guilty of any negligence or want of ordinary care which contributed to cause the accident, unless the defendant could by the exercise of ordinary diligence have avoided the accident. In this case we are compelled to hold, under the plaintiff's evidence, that the accident was caused by the broken ladder, and that the defendant in error did not by any reckless misconduct of his bring about the accident, and must hold there is no error in the judgment of the circuit court, and the same must be affirmed.

LEWIS, P., and HINTON, J., dissented.

JUDGMENT AFFIRMED.