## Staunton.

## Va. Mining and I. Co. v. Hoover.

### October 7th, 1886.

1. Practice at Common Law— *Waiver of jury.*—Where neither party requires a jury, and the whole matter of law and fact is heard and determined, and judgment given by the court, and the entire evidence is certified by the court in the bill of exceptions, the bill must be regarded as a demurrer to evidence by the plaintiff in error. *Backhouse* v. *Selden*, 29 Gratt. 581.

2. Idem—*Demurrer to evidence.*—In such case, demurrant admits truth of all demurree's evidence, and all reasonable and proper inferences therefrom, and waives all his own evidence which conflicts with or tends to make a case different from the case made by demurree's evidence. *Rudd* v. *N. & W. R. R. Co.* 80 Va. 546.

3. Idem—*Ejectment—Statute of limitations—Saving clause— War and stay-law periods.*—The exclusion, under the statutes of this State, and the decisions of this court, of the period of seven years, eight months and thirteen days, between April 17, 1861, and January 1, 1869, applies to actions of ejectment equally as to other actions, &c.

4. Idem—*Adversary possession—Case at bar.*—In this case, the defendant, under the rule of evidence applicable here, established such adversary possession of the land in controversy in himself and those through whom he claimed, as barred the right of the plaintiff after the exclusion from the computation of the time of such possession the said war and stay-law periods.

Error to judgment of circuit court of Augusta county, rendered November 2, 1883, in an action of ejectment wherein the Virginia Mining and Improvement Company was plaintiff, and A. Hoover was defendant. The judgment being

for the defendant, the company, on the bill of exceptions taken on the trial, obtained a writ of error and *supersedeas.*

Opinion states the case.

*John E. Roller,* for the plaintiff in error.

*Elder & Nelson,* for the defendant in error.

LACY, J., delivered the opinion of the court.

The plaintiff is the holder of the legal title derived by an unbroken chain from Levi Hollingsworth, patentee of the Commonwealth, in the patent of September 17, 1795, for forty thousand and ninety-six acres. The action is against the defendant, who claims under a tax sale of a part of the Hollingsworth patent.

The deed of the tax collector is *offered* and admitted *solely* to show color of title in the grantor of the defendant, and is not asserted as evidence of title on account of want of regularity.

The defence is the statute of limitations and adversary possession.

The facts are that defendant holds possession of one hundred acres, included within the land sold for taxes, which in turn is included within the limits of the Hollingsworth survey. The deed to the defendant was of August 23, 1860, from Siple. The tax collector sold to Givens, Givens to Fulton, Fulton to Siple, and Siple to the defendant, Hoover. Hoover took possession in 1860—the time of the year is not ascertained, but it was, however, before the growing crop of rye was cut on the land that year.

The suit was instituted the first Monday in September, 1882. During this time Hoover has held adverse possession of this land, which was under color of title, has been uninterrupted

and honest. The possession has thus continued for twenty-two years. But by the statute of this State, known as "an act to preserve and extend the time for the exercise of certain civil rights and remedies," passed March 2, 1886, it is provided that, "the period between the seventeenth day of April, 1861, and the passage of that act, to wit, March 2, 1866, shall be excluded from the computation of the time within which, by the terms or operation of any statute or rule of law, it may be necessary to commence any action or other proceeding, or to do any other act to preserve or to prevent the loss of any civil right or remedy." Acts 1865–6, page 191. And by another act, passed the same day, entitled "an act to stay the collection of debts for a limited period," it was in like manner provided that, "the period during which this act shall remain in force shall be excluded from the computation of the time within which by the operation of any statute or rule of law, it may be necessary to commence any proceeding to preserve or prevent the loss of any right or remedy." Acts 1865–6, page 183. This act remained in force until January 1, 1869, so that the period between April 17, 1861, and the first day of January, 1869, cannot be computed, in ascertaining the period during which the statute of limitations has run in this case.

The period thus excluded is seven years, eight months, and thirteen days. This period, subtracted from twenty-two years, leaves fourteen years, three months and seventeen days. It is suggested that the period from March 2, 1866, to January 1, 1869, should not be excluded, but should be computed in a case in which the statute of limitations comes in question in an action of ejectment, because the said act, by the ninth section thereof (amending and re-enacting the sixth section of the act of January 23, 1865) provides that "nothing herein contained shall be so construed as to interfere with or abridge the law now in force in relation to actions of ejectment and unlawful

entry and detainer." That is, that the action of ejectment might be brought and prosecuted to final process, notwithstanding the existence of the stay law, and that the language already cited in the seventh section, was not intended to apply to such a case, notwithstanding its general terms. But the legislature, as if perceiving this argument and the apparent conflict to be found in providing that "the period during which *this* act shall remain in force shall be excluded from the computation ·of the time within which, by the operation of *any* statute, or rule of law, it may be necessary to commence *any* proceding," &c., and the language just quoted from the ninth section, concerning the action of ejectment, proceeded to put the question at rest as fully as it is possible to do by inserting in the ninth section, at the end thereof, the words: "Nor shall the time during which this act shall remain in force, be computed in any case in which the statute of limitations may come in question." This provision is thus made unequivocally to apply to the statute of limitations, which may come in question in an action of ejectment. It cannot be argued that this provision is intended, as it is insisted as to the seventh section, to apply only to actions brought for the collection of debts, because the ninth section has no application whatever to such actions, but is made in terms to apply to other actions, enumerating this action, and provides that while ejectment may be brought during that period, the failure to bring it shall work no forfeiture by reason of the running of the statute of limitations during that period. There can be no doubt of the intention of the legislature in the premises and it is the duty of the court to so construe the act as to give effect to all its provisions, so as to extend the relief and to advance the remedy. And when this is done the possession of Hoover does not extend through the necessary fifteen years. But it is proved that Hoover went on the land before September in 1860,

perhaps in July. This would add something to his time, but not eight months and thirteen days; so that counting the time from the entry of Hoover in 1860, his possession has been for a shorter period, as we have seen, than the time fixed by the statute, to perfect his title by adversary possession.

But it is proved in the case that when Hoover took possession, he found the land occupied by a tenant; the land cleared and cultivated, and a house built and an inclosure; and this tenant had been on the land three years; and there is much dispute in the case whether this tenant, whose name was Smith, was the tenant of, or claimed under, Siple. We will refer to this point again.

It is proved that Siple did have a tenant on this land for a five or ten year lease from 1850. This tenant, whose name was Killingsworth, left the premises in 1856, and Smith succeeded him; whether as the tenant of Siple or a mere intruder, must depend upon very slight evidence, for it is not proved positively that Smith was the tenant of Siple, although Smith's deposition has been taken and the statements of Siple proved in the case.

But Hoover proves that as the vendee of Siple, he claimed by authority of Siple and received of Smith the rent in the part of the crop seeded in 1859. If this does not prove that Smith was the tenant of Siple, it comes very near doing so, as he paid the rent, one-third of the crop, to Siple's order. And it is also proved by the evidence in the case that when Hoover went on the land, inspecting before buying, he found Smith there at work, clearing, &c.; and that Smith showed him the line between *Siple's survey* and the *Hollingsworth survey*.

In this case the jury was dispensed with, and the case was submitted for trial to the court. The evidence has been all certified, and in such a case the case is considered in this court upon the familiar principles which apply to a demurrer to evi-

dence. *Hodges* v. *First National Bank of Richmond*, 22 Gratt. 56, and cases cited.

In such a case this court is to consider the demurrer as if the demurrant had admitted all that could reasonably be inferred by the jury from the evidence given by the other party, and waived all the evidence on his part which contradicts that offered by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily result therefrom. *Clark* v. *R. & D. R. R. Co.*, 78 Va. 712; and cases cited; *R. & D. R. R. Co.* v. *Moore*, 78 Va. 95.

The court below having found for the defendant in error, upon this evidence, where this principle is applied, we cannot, in this case, reverse that judgment. If Smith was a tenant of Siple, then the land in question has been held in adversary possession, under a color or claim of title, by Siple, or those claiming under him, for more than fifteen years, excluding the period, as we are required to do, between April 17th, 1861, and January 1st, 1869. And the defence of Hoover is thus complete, and his title to the land beyond attack by the holder of the legal title.

The statutes of limitations are to be enforced by the courts like any other statute. It has been often said by this court that they are statutes of repose, and are dictated by a wise policy founded upon the presumption against him who has unreasonably delayed the assertion of his demand, and in favor of him who has long exercised the dominion of owner. *Taylor* v. *Burnsides*, 1 Gratt. 187; *Flannagan* v. *Grimmet*, 10 Gratt. 421; *Smith* v. *Chapman*, Id. 445; *Anderson* v. *Harvey*, Id. 386.

The judgment of the circuit court of Augusta county is affirmed.

Judgment affirmed.