## Wytheville.

BROWN V. LAWSON.

July 4th, 1889.

Judicial Sale—*Cloud upon title—Delay.*—In suit to sell certain lands to pay liens, answer is filed and treated as a petition, whereby it was averred that a portion of the land was in the possession of H.; that unlawful detainer was pending against him to recover said portion; that a sale under such circumstances would be at a sacrifice; and that debtor was in a position to effect a desirable private sale: *held,* the unlawful detainer, seeming to be a mere contrivance for delay, the court will not stay the sale.

Appeal from decree of circuit court of Wythe county, rendered at its March term, 1888, in the consolidated causes of Robert Lawson's executrix against John A. Brown, and Jennie Lawson, executrix, against same. The decree being adverse to the defendant, he appealed. Opinion states the case.

*D. S. Pierce,* for the appellant.

*Thomas & Buford,* for the appellees.

Lewis, P., delivered the opinion of the court.

This was a suit in the circuit court of Wythe county to subject the lands of the defendant, Brown, the appellant here, to the satisfaction of certain judgments which had been obtained against him by the complainants. These lands consisted of two tracts—one, "the home tract," containing about 450 acres,

upon which there was a deed of trust to secure a debt of about $6,000, due by the defendant to one Leftwich; the other, a tract of mountain land, containing about 4,500 acres, upon which there are minerals and a coal mine.

The cause was referred to a commissioner, to take an account of liens binding these lands—whose report was duly returned and confirmed. The commissioner reported that the defendant was seized of the last mentioned tract, and the liens thereon and their respective priorities were stated. To this report no exceptions were taken.

Subsequently, when the cause was called for hearing, the defendant filed an answer, which was also treated as a petition— in which he averred that the mountain tract was very valuable for its coal and minerals, and ample to pay off all his debts; that one Heldreth had unlawfully entered upon the coal mine on the land, and was then in possession thereof; that the respondent had instituted an action of unlawful detainer to put him out of possession—which he had hoped would be speedily tried, but which had been continued for the defendant (Heldreth) to the next term of the court, upon his application for order of survey; that, although "there was nothing in the claim of Heldreth," it constituted "a cloud upon the coal mine," in consequence of which the land could not be sold without a sacrifice; and the prayer of the petition was that no sale be ordered until the action of unlawful detainer could be tried.

The prayer of the petition, however, was denied, and the land was ordered to be sold by the decree complained of.

The contention of the appellant is, as it was in the court below, that the claim of Heldreth constitutes a cloud upon the title to a portion of the land, and, therefore, that no sale should have been ordered until the action of unlawful detainer, which was brought to remove this cloud, had been decided, and *Rossett* v. *Fisher*, 11 Gratt., 492, and *Horton* v. *Bond*, 28 *Id.*, 815, are referred to.

In those cases the doctrine was announced that neither a trustee in a deed of trust nor a court of chancery ought to make a sale of land to pay debts before the title is cleared up, as far as it is practicable to do so. But the present case is not affected by this rule, for independently of the principle that a judgment in an action of unlawful detainer settles nothing, even as between the parties, in regard to the title, the vague allegations of the petition filed in the court below show no ground for delaying a sale. There was no allegation as to when possession was taken by Heldreth, or what were the circumstances under which he took possession, nor is there any evidence upon these points; and the fair inference from the record is, that his alleged possession and the institution of the action of unlawful detainer against him is a mere contrivance to secure delay.

The petition alleged that the defendant had succeeded, through his attorney, in attracting the attention of capitalists to the land, on account of its minerals, and that he was then "in a position to realize a sale." But he does not explain how he was in a position to effect a sale, notwithstanding the Heldreth claim, if that claim is, in reality, an impediment to a fair sale under a decree of the court. And as there was no intimation of any such claim, either before the commissioner—who reported the title to the land to be clear, except as to the judgment liens reported—or at any time before the case was called for hearing, the circuit court properly concluded that there was "nothing in the claim, in any point of view," and proceeded accordingly.

Without, therefore, deciding that under no circumstances will the pendency of an action of unlawful detainer constitute a ground for postponing a judicial sale of land, we do hold that, under the circumstances of the present case, the decree of sale is right, and must be affirmed.

DECREE AFFIRMED.