## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

BOULWARE & WILLIAMS V. JEWETT.

December 11th, 1890.

APPELLATE PRACTICE—*Review—Evidence certified—Rule, Code, sec. 3484.*—At trial of action at law the evidence was conflicting, but the jury found for the plaintiff. Defendant moved for a new trial, but the motion was denied. *Held,* under rule that a certificate of the evidence shall be considered as a demurrer to the evidence, the judgment complained of should be affirmed.

Error to judgment of circuit court of city of Richmond, rendered November 13th, 1889, in an action of trespass on the case in *assumpsit,* wherein George B. Jewett, the defendant in error, was plaintiff, and A. L. Boulware and Charles U. Williams, partners as Boulware & Williams, were defendants.

In May, 1888, the defendant in error instituted his action of *assumpsit* against the plaintiffs in error for the sum of $1,500, for services rendered by him to the said plaintiffs in error, at their request, in selling certain lands mentioned and described in the evidence, and collecting rents and hunting up buyers.

The plaintiff in the action (the defendant in error here) offered evidence tending to prove his claim; and, on the other hand, the defendants to the action offered evidence tending to contradict the evidence of the plaintiff, and to show that the said services were not rendered as claimed. But upon the trial the jury in the case found, "on the issue joined, for the plaintiff, and assessed his damages at $1,395, subject to an offset of seventy-six dollars and thirty-eight cents."

Whereupon the defendants moved the court to set aside the verdict and grant them a new trial, but the court declined to disturb the verdict, and rendered judgment thereon in accordance with its terms, when the defendants excepted to the said action of the court, and asked the court to certify the evidence in the case, which was done; and the said defendants then applied for and obtained a writ of error to this court.

*H. H. Marshall*, for the plaintiffs in error.

*Edgar Allan*, and *B. H. Nash*, for the defendant in error.

Lacy, J., delivered the opinion of the court.

The plaintiffs in error admit, and the defendant in error claims that, by the statute in such case made and provided, a certificate of the evidence in a case at the trial is considered in this court as a demurrer to evidence. Code of Virginia, section 3484. In such case, as has been often decided in this court from an early day, this court is to consider as if the demurrant has admitted all that could have been reasonably inferred by the jury from the evidence given by the other party, and waived all the evidence on his part that contradicts that offered by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily result therefrom. *Virginia Mining and Iron Company* v. *Hoover*, 82 Va., 449; *Clark* v. *R. & D. R. R.*, 78 Va., 712; *Moore* v. *R. & D. R. R.*, 78 Va., 95, and the cases cited.

The evidence in this case was conflicting. The plaintiff, to sustain his action, testified that defendants employed him to take charge of the property of the Chesterfield Coal and Iron Mining Company, in the county of Chesterfield, to keep off trespassers therefrom, to pay taxes thereon, to rent out the

property, and collect the rents thereof, and to make sale of the property, subject to the approval of the defendants; that he was to be paid for his services ten per centum upon the gross amounts of all rents collected, and five per centum upon the sales of all the lands belonging to the company, *made during the continuance of his agency by him or others,* and he was to endeavor to sell all of the said lands, and admitted, on cross-examination, that when one of the defendants told him (the plaintiff) that the prospective purchaser had expressed a desire that his negotiations should be kept secret from him (the said plaintiff), that he (the said plaintiff) had then said: "Then it is a conspiracy to defraud me out of my commissions."

The defendants testified that the property had been sold to the said prospective purchaser at a price which turned out to be $27,900; that the price had been $70,000, $50,000, and was reduced at last to the sum of $30,000, which had realized on account of a defect in the title as to a part of one tract, and positively denied that they had ever agreed to pay any commissions to the plaintiff on lands not sold by him, but sold by others, as this actually was, and declared that the said lands had been in the hands of several agencies at the same time.

But the jury, passing upon the evidence adduced before them, rendered a verdict in favor of the plaintiff for $1,395, which is five per centum upon the actual amount realized.

The evidence being thus conflicting and contradictory, the judge who presided at the trial declined to disturb the verdict, and rendered judgment accordingly. And the case is here upon a writ of error to that action of the court below, and must be considered here upon the rule as to a demurrer to the evidence prescribed. Section 3484 of the Code of Virginia.

This question being dependent upon the weight of parol evidence and the credibility of witnesses, the verdict arrived at by the jury cannot be disturbed here, unless it is plainly

wrong and the error perceived is palpable and obvious, and the result arrived at is without evidence to support it, or plainly against the evidence.

The verdict rendered by the jury is supported by the evidence of the plaintiff, and if we must strike out under the rule of evidence prescribed by the law the evidence of the defendants, which flatly contradicts it, then the verdict must stand, and the judgment of the circuit court must be affirmed.

JUDGMENT AFFIRMED.