# Staunton.

## SEXTON & HOUSTON v. TURNER.

### September 22d, 1892.

1. EMPLOYERS AND EMPLOYEES—*Duties—Risks.*—It is the duty of employers to use ordinary diligence to avoid exposing their employees to extraordinary risks; but the latter, entering upon an employment, accept the risks incident thereto.

2. IDEM—*Contributory negligence.*—Though master be guilty of negligence, yet, if the injury to plaintiff be the proximate result of his own negligence, he cannot recover.

3. IDEM—*Case at bar.*—A number of holes had been drilled and loaded and exploded, and the blasters had returned from cover. The boss said one hole had blown out without effect and was filled with dirt, and directed the men to drill it out again. Plaintiff expressed some fear, but went to work and, whilst holding the drill, he was injured by an explosion. Whether the hole had blown out might easily have been ascertained by either boss or plaintiff.

HELD:

Plaintiff's negligence, notwithstanding that of boss, such as to prevent recovery.

Error to judgment of circuit court of Tazewell county, rendered at May term, 1891, in an action wherein the defendant in error, Turner, was plaintiff, and the plaintiffs in error, Sexton & Houston, were defendants. Opinion states the case.

*Chapman & Gillespie* and *H. C. Alderson*, for plaintiffs in error.

*Henry & Graham*, for defendant in error.

LACY, J., delivered the opinion of the court.

The case is as follows : The plaintiffs were contractors, engaged in the construction of the road-bed of the Clinch Valley railroad, in Fayette county, and the defendant in error was in their employment, and Joseph True was the boss of the gang of hands working with him. The gang was engaged in cutting out a cut, and to that end blasting out rock. Some five or six holes had been drilled in the rock, loaded, and fired, and upon the return of the blasting hands from cover, after the explosion, one hole was found filled up and covered with dirt. The holes had been bored 18 inches deep, and Joe True brushed the dirt from the top of the hole that was full, and told the hands to drill it out, as it had not proved effective in blasting away any rock. The defendant in error expressed some fear of the hole, but Joe True told him the hole had been blown out; and the work continued, all that evening, about half an hour. The next morning they drilled. some fifteen or twenty minutes, cutting the dirt out of the hole, and then Joe True poured water into the hole, and that softened the dirt, and the drill went down, and the hole fired and injured the defendant in error ; and he brought suit against his employers, Sexton & Houston, and recovered damages against them to the amount of $1,500 and costs. The defendants below, the plaintiffs in error, applied for and obtained a writ of error to this court.

There are many assignments of error here, but the first we will consider is the refusal of the circuit court to set aside the verdict of the jury and grant the defendant a new trial upon the ground that the verdict was contrary to the law and the evidence. The evidence is certified, and, by section 3484 of the Code of Virginia, it must be considered upon the principle, familiar to the profession, of a demurrer to evidence by the party excepting. *Railroad Co.* v. *Moore's Adm'r*, 78 Va. 95. It is the duty of the master, as far as he can by the use of ordinary diligence, to avoid exposing his servants to extra-

ordinary risks; but he is not bound to guarantee them against such risks. But when a servant enters upon an employment, he accepts the service subject to the risks incident to it. An employee who contracts for the performance of hazardous duties assumes such risks as are incident to their discharge from causes open and obvious, the dangerous character of which causes he had opportunity to ascertain. If a person chooses to accept employment, and continues in it, with the knowledge of the danger, he must abide the consequences, so far as any claim against his employer is concerned. *Clark* v. *Railroad Company*, 78 Va. 717, and cases cited; *Southwest Improvement Company* v. *Andrew*, 86 Va. 284.

The plaintiff in the circuit court, the defendant in error here, was an employee engaged in the business of blasting rock—that is, boring holes down into the rock, and placing dynamite therein, connecting a fuse and cap with the dynamite, and then " tamping," as it is called, or filling, the hole around the fuse with loose dirt, and firing the fuse, which explodes the cap, and sets off the dynamite, which shatters the rock. There were five or six holes. These all were exploded but one; that remained as it had been left. The boss (True) said he thought it had been fired out, and had filled with loose earth from successful explosions which had fallen back. That he could have determined this by diligent examination is clear. The employee, holding the drill, and from time to time inserting the scraper in the hole to remove the scrapings of earth, had an opportunity, as he handled the dirt in small quantities, to know whether the hole had exploded, and, if the fuse and the " tamped " earth were still in the hole, it was certain that it had not been blown out. And the employee had had his attention called to this danger, and expressed his fear of this hole. The evidence shows that it was easy to determine, by inspection of this dirt as it came out, whether it was " tamped " earth—that is, earth which had been tightly packed

or not. True was a suitable man, skilled in his business, and he may be considered to be guilty of negligence in drilling over dynamite which he himself had just deposited in the hole. But, if so, defendant is guilty of the same negligence; for he had himself laid the deadly explosive, and he held the steel which exploded the dynamite when driven against it with the blows of a sledge-hammer. He knew that dynamite would explode if struck in this way; he knew that he had put the dynamite there; and he might, by the exercise of ordinary care, have known that the dynamite had not been exploded. And this negligence was the proximate cause of the injury which he sustained; and, although the employer may have been guilty of negligence, there can be no recovery when the injury was caused by the mutual fault of both parties. It follows that the circuit court of Tazewell county erred in overruling the motion of the defendants to set aside the verdict of the jury in this case and grant to them a new trial, and the same must be reversed and annulled, and the cause remanded for a new trial to be had therein.

JUDGMENT REVERSED.