# Wytheville.

## SUTTON v. COMMONWEALTH.

### July 19th, 1888.

1. CRIMINAL JURISDICTION AND PROCEEDINGS—*Removal from county to circuit court.*—It is not ground for arrest of judgment that upon arraignment in the county court prisoner pleaded not guilty, and then made his election to be tried in the circuit court. Acts 1877-'78, ch. 17, § 1. Nor that after removal prisoner was not re-arraigned in the circuit court, no objection being made to trial without further plea.

2. IDEM—*Trial—Failure to testify—Comments.*—Remark of prosecuting attorney to the jury that prisoner had not accounted for his whereabouts at time of homicide nor his flight from the State, without allusion to his failure to testify, comes not within § 3897, Code 1887.

3. IDEM—*Evidence—Declarations of accused.*—Evidence of a conversation by accused, relevant to the issue, is admissible, though witness did not hear all, the conversation being such as amounted to nothing.

4. CIRCUMSTANTIAL EVIDENCE—*Instructions.*—An instruction, that in cases of circumstantial evidence the time, place, manner, opportunity, motive and conduct must concur in pointing to the prisoner as the guilty agent, is not improperly modified by charging that all these circumstances, or such of them as may be proved with other facts, if any, must so concur.

5. IDEM—*Case at bar.*—The circumstances proved in this case justify a conviction for murder in the first degree.

Error to judgment of circuit court of Wythe county, rendered March 17th, 1888, upon a verdict of guilty at the trial of an indictment charging one Wayman Sutton with the murder in the first degree of one Peter Harvell. Exceptions being taken to various rulings of the court at the trial, the prisoner brought the case here upon writ of error and *supersedeas.* Opinion states the case.

Argument.

*F. S. Blair, John H. Fulton,* and *James P. McTeer,* for the prisoner.

I. The circuit court had no jurisdiction to try the case.

(*a*) The circuit court has no *inherent* jurisdiction; that its jurisdiction is only such as is expressly conferred by the statute. *Whitehead* v. *Commo.,* 19 Gratt. 642. (*b*) The jurisdiction is obtained by demand of the accused upon his arraignment. Acts 1877-'8, pages 339–40. (*c*) Arraignment is the act of the court. Davis' Crim. Law, pages 439-'40; *Whitehead* v. *Com., supra.*

The term signifies the calling the defendant to the bar of the court to answer the accusation entertained in the indictment. 2 Hal. 216, cited with Crim. Digest, 235; *Peo.* v. *Corbin,* 68 A. D. 221. (*d*) The plea which follows the arraignment is the act of the accused, and is *the next stage of the proceedings. Whitehead* v. *Com., supra*; *Jackson* v. *Com.,* 19 Gratt. 656. The cases of *Whitehead* and *Jackson* were decisions under the Acts of 1867-'8, pp. 931-'2. The Acts of 1877-'8 conforms the law to those decisions, and puts beyond dispute what might before have been thought questionable. Now the very language of the act is that the circuit court *shall arraign and try.* The inevitable conclusion is, that the demand to be tried by the circuit court must be made before plea, and that after plea the right of election is gone, the door to the circuit court is closed, and that court thenceforward is without jurisdiction. *Anderson* v. *Commo.,* 3 S. E. R. 803.

II. Arraignment and plea are essential and cannot be waived. Whart. Crim. Pr:, sec. 409; *Hoskins* v. *State,* 84 Ill. 87; *Gould* v. *People,* 89 Ill. 216; *Douglas* v. *State,* 3 Wis. 820; *People* v. *Gaines,* 52 Cal. 480; *People* v. *Corbin, supra.* III. A prisoner, who is not tried according to all the formalities of law, is not tried by *due process of law. Boggs* v. *The State,* 5 Am. R. 689–90; *Hopt* v. *Utah,* 110 U. S. 578–9. IV. All steps *necessary* to be taken in a criminal case must appear affirmatively on the record. *Gregg* v. *The People,* 1 Am. Crim. Reports, 602;

*Aglesworth* v. *The People,* Id. 604 ; *Davis* v. *The State,* Id. 606 ; *Stubs* v. *The State,* Id. 611 ; *Hopt* v. *Utah, supra.* V. Provisions of a statute, not directory but imperative, must be followed. *Hall* v. *Commo.,* 80 Va. 561. To disregard them is to deprive the accused of that "due process of law" which is provided by the legislature and which is required by the fundamental law. Id.

If one of the formalities prescribed may be disregarded, all may be set at naught. Id.

The accused, by acquiescing, cannot be considered as waiving his rights, but must be considered as standing on his legal rights throughout, for it is not he alone who is concerned. The public has an interest in his life and liberty, and neither can be taken except in the mode prescribed by law. Id.

*Attorney-General R. A. Ayers,* and *J. L. Gleaves,* for the Commonwealth.

LACY, J., delivered the opinion of the court.

This is a writ of error to a judgment of the circuit court of Wythe county, rendered at the March term, 1888. The case is as follows: The plaintiff in error, Wayman Sutton (together with one Morgan Pendleton), was indicted in the county court of Wythe county, at the July term, 1887, for the killing of one Peter Harvell on the 19th of May, 1887. At the November term following, the said Sutton having been arrested, and being in custody, upon the calling of his case moved to quash the indictment, which motion was overruled ; and, being arraigned, upon his arraignment pleaded not guilty, and elected to be tried in the circuit court of said county ; whereupon he was remanded to the said circuit court for trial. At the March term, 1888, he was brought before the said circuit court upon the certified transcript of the record in the county court, where he was tried and convicted of murder in the first degree, and sentenced to be

hanged. During the progress of the trial numerous exceptions were taken to the rulings of the court against him, and at the conclusion of the trial the plaintiff in error moved in arrest of judgment, because he had not been tried by due process of law, and because of the want of jurisdiction in the trial court; and moved to set aside the verdict because of the comments of the Commonwealth's attorney on the prisoner's silence, and because the verdict was contrary to the evidence—all of which motions the court overruled, and rendered judgment, and passed sentence in accordance with the verdict. Whereupon the said plaintiff in error applied for and obtained a writ of error to this court.

The first assignment of error here is to the refusal of the circuit court to arrest the judgment, upon the ground that the said court was without jurisdiction to try the case, because the case could only be brought to the circuit court when the accused, upon his arraignment in the county court, had elected to be tried in the circuit court; and whereas, the said accused had elected to be tried in the said circuit court, he had so elected at the wrong time; because the statute provided that he should so elect upon his arraignment in the said county court, whereas he had elected to be tried in the circuit court after his arraignment. That, when arraigned in the county court, he had pleaded not guilty, and had then elected to be tried in the circuit court And also it was moved in arrest of judgment that the circuit court should not pronounce judgment because the accused had not been arraigned, and had not pleaded in that court; which motion the circuit court likewise overruled, and the accused excepted; which ruling is also assigned as error. Our law provides (Acts 1877–'78, ch. 17, § 1, p. 339), that a person, to be tried for any felony for which he may be punished with death, may, upon his arraignment in the county court, demand to be tried in the circuit court having jurisdiction over the county for which said county court is held; and that in a circuit court, when the indictment and other papers have been certified and transmitted to the clerk thereof as stated, the

accused, if in custody, shall, unless good cause be shown for a continuance, be arraigned and tried at the same term.   The obvious intention of the legislature, by the provision drawn in question here, was to provide the accused an election as between the two courts.   If he made none, then the law provides for his trial in the county court.   If he exercised his election, then he could remove his case to a higher court as a matter of right. The time designated for the exercise of this election is upon his arraignment; that is, when he is called to the bar of the court to answer the accusation contained in the indictment.   The first step in the proceeding consists in calling him to the bar by his name, and commanding him to stand up.   The second step is the reading the indictment to him.   The third step is to ask him, "How say you; are you guilty, or not guilty?"   Technically, the arraignment is now completed, and he must answer. He may plead as he is advised ; he may demur or move to quash ; he may plead to the jurisdiction or otherwise; or he may plead not guilty.   If he pleads not guilty, the issue is made up, and the trial proceeds.   But in this case he then elected to be tried in the circuit court, and the issue thus made up was certified to ·the circuit court, and was there tried without objection from him in any form until after verdict.   The language of the law is, " upon his arraignment."   " Upon " means, " at the time of "; but it is interchangeable, according to Webster, with " on," and one of the meanings of the latter is " at or near,"—as, " the fleet is on the coast of America "; " the island is on the coast of England." Neither the fleet nor the island can be actually on the coast, for the island would then cease to be an island, and the fleet would cease to be a fleet.   And again : " In consequence of or following," as, " on the ratification of the treaty the armies were disbanded ; and another meaning is at or in the time of, as " on the Sabbath we abstain from labor."   It would be sticking to the letter and discarding the sense to so construe the law as it is written, as to hold that " upon " means " at the time of " and not after ; for although the election had been made, and no plea

filed in the county court, the election must have been after the arraignment was concluded—*qui haeret in litera, haeret in cortice.* While the proceeding in this case may be conceded not to be a literal compliance with the terms of the law, it was nevertheless a substantial compliance therewith.

Under the law, " upon his arraignment he may demand to be tried in the circuit court." He did make his election, and demanded to be tried in the circuit court before any part of the trial had been had in the county court, and the trial was had in all its parts in the circuit court, upon his motion. No question whatever was determined in the county court. His whole election under the law is to be tried in the circuit court, and upon his demand this was done. The law is that, upon his arraignment in the county court—that is, when his case is called in the county court, and he called to its bar to answer—he may demand to be tried in the circuit court. He is not in terms forbidden to plead in the county court, and then to remove the case. It is probable and legitimate, from the language used, to argue that the legislature contemplated no other step in the county court than the calling of the case for trial in that court, and the exercise of the election ; but his filing his plea there of not guilty was his own act, which he never sought to change nor to correct. He did not ask to be allowed to withdraw the plea either in the county court or in the circuit court, and to file others, or to make other defense ; and it does not appear that any right of his has been denied or abridged. He demanded to be tried in the circuit court, and he was there tried, and he has suffered no injury. The county court might, perhaps, have refused to recognize his demand to be tried elsewhere until the plea in that court had been withdrawn. But no such ruling was made, and his case was removed upon his own motion ; and he cannot be heard to complain of this after verdict, which, in any event, cannot be regarded as matter of substance. We are of opinion that no injury has resulted to the accused on this account, and this assignment is overruled.

As to the assignment of error that he was not arraigned, and not required to plead in the circuit court, we will say : The law provides, as we have seen, that when a case thus comes before the circuit court, that the accused, if in custody, or if he appear according to his recognizance, shall, unless good cause be shown for a continuance, be arraigned and tried at the same term. But this language is used to apply to cases when the indictment is found or other accusation filed against a person for felony in a court wherein he may be tried as well as to a case like this, when the certified copies come up to be used as originals in the circuit court. And in such cases as the former, when the indictment is found in that court, he must be arraigned in that court, else he cannot be arraigned at all. But in a case where the accused has already been arraigned in a court competent to do so, and the issue made up in the lower court, there can be no reason to again arraign him, or for him to again plead the same plea. If he had asked to withdraw his plea of not guilty, and file other pleas or to make other defenses, he would doubtless have been granted the privilege. But already there was in the circuit court copies of the arraignment and his plea, which the law said should be used by the circuit court with the same effect as originals. There was no objection as to these from any quarter ; and if used with the same effect as originals, as the law directs, then he was arraigned in the circuit court, and in effect pleaded in that court. And both of these having been already done, it was not necessary to do so again. When these copies were received in the circuit court, and treated as originals, then he was arraigned in that court ; and this is not a case where there has been no arraignment, but where there has been a removal of the case after arraignment, and there was no need for another arraignment.

The second assignment of error is as to the action of the court, in refusing to set aside the verdict because the Commonwealth's attorney had commented on the failure of the accused to testify in his own behalf. The law prohibits the Commonwealth's

attorney from commenting on the failure of the accused to testify in his own behalf. The accused is entitled to stand upon his plea, and testify or not as he may prefer; and comment on his failure to go upon the witness stand is forbidden. But there appears to be a failure of fact about this; the Commonwealth's attorney not having mentioned the failure of the accused to go upon the witness stand at all, and the remarks objected to referred to the failure of the accused to account for his whereabouts at the hour of the killing, or for his flight to the State of Illinois. The court did not understand these remarks as having reference to the failure of the accused to testify, and no objection was made to them at the time, and they constitute no ground for disturbing the verdict and judgment of the circuit court.

The third assignment is as to the refusal of the court to exclude the evidence of the sheriff as to statements he heard the accused make to a friend, the sheriff not hearing the whole conversation. The statements bore upon the charge against the prisoner, and were admissible as his own confessions; but they were such as amounted to nothing, and this motion was properly overruled.

The next assignment of error is as to the action of the court in instructing the jury. But the only exception which appears in the record is as to the modification of the fourth instruction asked for by the plaintiff in error; it being asked that the court should instruct the jury that, "in all cases when the proof is circumstantial evidence, the time, place, means, opportunity, motive and conduct must all concur in pointing out the accused beyond reasonable doubt as the guilty agent." The court interlined, after "conduct," "or such of these facts as may be proved with other facts, if any." This appears to have been a proper amendment. It is not necessary, for illustration, to prove a motive. The crime may be clearly established and no motive even discovered. We may add, however, that the instructions, as given by the court, do not appear to be erroneous, but correctly expound the law, although they were not excepted to.

The next assignment of error is as to the refusal of the court to set aside the verdict of the jury as unsupported by the evidence and as against the weight of evidence. We will here remark that the manner in which this motion shall be considered, the evidence having been certified, is fixed by law. " When a case at law, civil or criminal, is tried by a jury, and a party excepts to the judgment or action of the court in granting or refusing to grant a new trial on a motion to set aside the verdict of a jury on the ground that it is contrary to the evidence, or when a case at law is decided by a court or judge without the intervention of a jury, and a party excepts to the decision on the ground that it is contrary to the evidence, and the evidence (not the facts) is certified, the rule of decision in the appellate court, in considering the evidence in the case, shall be as on a demurrer to the evidence by the party excepting." Code Va. § 3484. On a demurrer to evidence, the rule in Virginia is to put all the evidence on both sides into the demurrer, and then to consider the demurree as if the demurrant had admitted all that could reasonably be inferred by a jury from the evidence given by the other party, and waived all the evidence on his part which contradicts that offered by the other party, or the credit of which is impeached, and all inferences from his own evidence which do not necessarily flow from it. *R. & D. Railroad Co.* v. *Moore's Adm'r*, 78 Va. 95, and cases cited.

The evidence in this case, considered under the foregoing rule of decisions, is that the deceased, Peter Harvell, on the 19th of May, 1887, was at his home in Wythe county, to which he had retreated the day before, wounded and disabled from an armed assault made upon him in the adjoining county of Smyth by others, at his then home. The accused on that day came into the immediate vicinity of Peter Harvell's house, disguised with painted face, in company with his father-in-law, one Morgan Pendleton, also disguised with his face painted. That they inquired for Peter Harvell's house, into which he had just moved. The accused said the witness need not be afraid to talk; they

were friends of Peter Harvell; whereupon witness assured them that he knew them, and called them by their true names, respectively. Pendleton said his name was Winn. They proceeded towards the house of Peter Harvell, avoiding the public highway as they came nearer, passing though the bushes or fields as opportunity offered, each armed with a rifle. They were often seen and recognized, and, when recognized, they shunned intercourse with others, and moved towards the cover of the brush. When close to the house they were seen by Peter Harvell's old mother, who said, "those men are after no good," and hurried ahead of them to warn her son that he was to be again attacked. Harvell's wife, going to the spring for water, saw them close to the house in the bushes squatting down. The old mother then went up in the bushes to confront them, but they ran around through the bushes to avoid an interview, but not until she had drawn close to them and recognized them; and when they jumped over a fence close by, she noticed the iron heel-plates which Sutton wore, and which are identified as his own make by others, and which marked all his tracks around the house. The mother then went to her son and helped his wife wash and dress him, in order to remove him to a neighbor's house for safety. Their arrangements being completed, they started to go, and as the three, the aged mother on one side supporting and the wife on the other side supporting, the wounded and disabled son and husband between them, with the four little children behind them, came into the doorway, two rifles fired from rests, in ambush close by in the bushes, and the wounded man, pierced with bullets, fell amid these surroundings, dying in the arms of his wife and mother, while the perpetrators of this deed fled through the bushes; the plaintiff in error, Sutton, to be captured in the distant State of Illinois, while the companion of his crime is still a fugitive. The trial was had in the county where the crime was committed. Strenuous efforts were made to save the accused from the consequences of his crime, and witnesses brought to impeach and contradict the witnesses for the

Commonwealth, and to prove a previous good character for the accused. But all these failed. The jury, the proper triers of the fact, have weighed the evidence, and, passing between the Commonwealth and the accused, have rendered their verdict of guilty of murder in the first degree. And the trial judge, in a court of his own selection, who heard the witnesses testify, and conducted the trial, has approved the verdict and rendered judgment accordingly, and sentenced the accused to be hanged. And there is no sound principle upon which this court could disturb that judgment, which appears to be so eminently proper and so fully justified by the evidence; and the same will be affirmed.

JUDGMENT AFFIRMED.