# 𝕽𝕚𝖈𝖍𝖒𝖔𝖓𝖉

## Wayne Edward Poole v. Commonwealth of Virginia.

October 12, 1970.

Record No. 7270.

Present, All the Justices.

*William A. Julias* (*Earman and Julias*, on brief), for plaintiff in error.

*C. Tabor Cronk, Assistant Attorney General* (*Andrew P. Miller, Attorney General*, on brief), for defendant in error.

GORDON, J., delivered the opinion of the court.

The question before us is whether Wayne Edward Poole's conviction of robbery should be reversed because of a volunteered instruction given by the trial judge to the jury.

Poole and one Michael Allen Kirkpatrick were arrested and charged with a robbery of a motel in Harrisonburg on May 20, 1968. See p. 269, *infra.* Poole's testimony as a defense witness at Kirkpatrick's trial was introduced in evidence and read to the jury at Poole's trial. In that testimony Poole exonerated Kirkpatrick and confessed that he alone had committed the robbery. Poole did not testify at his trial.

In his closing argument to the jury, Poole's counsel said:

"The Court has told you in one of its instructions that his [Poole's] failure to testify cannot be considered as prejudicial to his case, nor can it be taken as a circumstance by you in considering the amount of punishment that you will fix when you reach your verdict.[1] Now I respectfully submit that when this man [Poole] was on the witness stand last week [during Kirkpatrick's trial], it was on the 13th, and he gave this statement, he was subject to all the cross examination of the prosecution, he was called as a defense witness in that case, he was subject to all the cross examination that the prosecution wanted to propound, yet I respectfully submit had he ever been convicted of a felony or a crime constituting petty larceny it would have been in the record to impeach

---

[1] Before closing argument, the court gave this instruction to the jury: "The Court instructs the jury that the failure of the accused to testify in this case creates no prejudice against him, and the Court further tells the jury that in determining the amount of punishment to be fixed by you, his failure to testify is not a circumstance which you are entitled to consider."

any other testimony or show his credibility. And the answer to that, we have to assume that his record is clear, just like yours or mine. There are certain crimes that if you do commit them they are admissible, but we don't have that in this case."

The Commonwealth's attorney did not object to this argument, and he did not refer to it in his closing argument. Immediately before the jury retired, the trial court volunteered the following instruction to the jury:

"Let me interpose this observation before the jury retires. I don't like to intervene here in the course of the trial of the case or interrupt argument of counsel during the trial of the case or suggest any Court disapproval of comments that have been made in the absence of objections being taken, and there was no objection taken to the comment just made by Mr. Julias [Poole's counsel]. If I understood it correctly, at least, he invites the jury to draw the inference that because no evidence was introduced here showing this man involved in any other offenses that the fair inference is that he has never been in any trouble. Well, as a matter of law no evidence of other criminal offenses or other convictions would be admissible unless he had undertaken to vindicate himself and taken the stand himself and then he could have been impeached by showing—or an effort to impeach him or detract from his credibility —an effort could have been taken on behalf of the prosecution to show, or ask if he had ever been convicted of a felony, and without going into the details of it, that's the permissible question and answer for the record in the case. But under the circumstances of this trial that opportunity was not afforded the prosecutor and in the absence of taking of the witness stand by the accused himself, the prosecutor could not prejudice his defense by putting in proof of any other offenses had any existed, and I'm not even suggesting that other offenses had been committed, I'm merely pointing out that I don't think that Mr. Julias' invitation to draw the inference, that because there is no evidence of other offenses, that you should imply or infer that therefore this man has a lily white background. Whether he does or not I don't know, it's not before you and it's not for consideration. I'm merely suggesting that the invitation of Mr. Julias to infer that he has a good record, that invitation ought to be rejected because there is no evidence on which to sustain it."

Poole's counsel moved for a mistrial because of the court's volunteered instruction, but the court overruled his motion. The jury found Poole guilty and fixed his punishment at twenty years confinement in the penitentiary. Poole prosecuted this appeal from the order sentencing him in accordance with the jury verdict.

Poole's counsel complains that the volunteered instruction improperly commented on Poole's failure to testify at his trial and permitted the jury to infer that Poole's character was bad. Counsel also makes two procedural complaints respecting the voluntariness and the timing of the instruction. He objects because the instruction was not asked for by the Commonwealth and the allegedly improper argument, which the instruction purported to correct, was not objected to. And he objects that the judge gave the instruction after the close of all oral argument and just before the jury retired, giving defense counsel no chance to argue the case in light of the instruction and unduly emphasizing the instruction as the last thing told the jury.

█ Counsel's statement that the jury should assume that Poole's record was clear, so that in considering his punishment the jury might infer that he was of good moral character before committing the crime for which he was being tried, was improper. There was no evidence that Poole had or had not been previously convicted of a crime, and there was no evidence that otherwise tended to show either good or bad moral character. "Character only becomes an issue in the trial of a criminal case when made so by proper proof." *Mitchell* v. *Commonwealth*, 140 Va. 572, 581, 125 S.E. 311, 313 (1924). Absent evidence about character, the jury is not warranted in presuming character either good or bad. *Id.* at 581-82, 125 S.E. at 313-14.

█ Evidence of a prior independent crime, though tending to show a defendant's bad moral character, is generally inadmissible. *Roy* v. *Commonwealth*, 191 Va. 722, 62 S.E.2d 902 (1951). But the prosecution may introduce evidence of a prior crime to attack a defendant's character if he has attempted to show his good character or has testified in his own behalf and opened the door to impeachment. 8 *Wigmore Evidence* § 2277 at 475 (1961). This was the essence of the trial judge's volunteered instruction to the jury, a correct statement of the law.[2]

---

[2] In the volunteered instruction the court explained why the prosecution could not bring forth any evidence about Poole's prior convictions, if any, at his trial, whereas in closing argument defense counsel referred to bringing out prior convictions in cross examining Poole at Kirkpatrick's trial. At first blush counsel and the

Our conclusion that the volunteered instruction correctly explained the law does not answer counsel's contention that the instruction violated Poole's Fifth Amendment right against self incrimination or that it impliedly impugned Poole's character.

Counsel does not argue that insofar as the issue of guilt was concerned, Poole was prejudiced by the judge's comment on his failure to testify. He concedes, and the record amply supports his concession, that Poole's guilt was conclusively established. Counsel does argue, however, that the judge's comment on Poole's failure to testify prejudiced Poole on the issue of punishment. Counsel points out that the jury fixed twenty years confinement as Poole's punishment, whereas another jury fixed only five years confinement for Kirkpatrick.

Counsel relies primarily on *Griffin* v. *California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965), to sustain his position that the volunteered instruction commented improperly on Poole's failure to testify. But *Griffin* involved a materially different comment to the jury. In *Griffin*, the judge instructed the jury that the failure of the defendant to testify could be considered as tending to indicate the truth of the evidence produced against him. The Court held that this instruction, which was authorized by the California constitution, violated the defendant's Fifth Amendment privilege against self incrimination.

The judge in Poole's case did not tell the jury that it could draw any unfavorable factual conclusion against Poole because of his failure to testify at his trial. To the contrary, the judge specifically instructed the jury that Poole's failure to testify should not prejudice him on the issue of guilt or punishment. See n. 1 *supra*. Although the judge in his volunteered instruction did refer to the fact that Poole had not testified, he made that reference only as an incident to his correct statement of the law concerning an issue that had been improperly injected by defense counsel. About Poole's failure to take the stand, the judge merely told the jury that because Poole had not testified, the Commonwealth could not have introduced evidence of any prior crime to impeach his credibility. We therefore conclude

judge appear to have been referring to different things. The difference is, however, more apparent than real. Poole did not attempt to show his good character and did not testify at his trial. So even if the prosecution had brought forth evidence at Kirkpatrick's trial that Poole had been previously convicted of another crime, that evidence (like any other character evidence) would not have been admissible at Poole's trial.

that the judge's comment in this case did not come within the rule of *Griffin* or violate Poole's Fifth Amendment privilege against self incrimination.

Moreover, in *Griffin v. California, supra,* the judge's comment on the defendant's failure to testify was constitutionally impermissible because it allowed the jury to draw an inference of guilt. In view of the evidence in Poole's case, the judge's comment could not reasonably have affected the jury's determination of guilt. As to punishment there was no issue of fact and, therefore, no opportunity to treat Poole's silence as an adverse factual admission. So the basic consideration in formulating the *Griffin* rule, that a jury should not be encouraged to treat silence as an admission of fact, is not applicable to Poole's case. If, then, the judge's comment involved error, the error was harmless. *Chapman v. California,* 386 U.S. 18, 87 S. Ct. 824, 17 L.Ed.2d 705 (1967).

We do not agree with the second contention made by Poole's counsel, that the volunteered instruction impliedly impugned Poole's character. The judge took pains to tell the jury that he was "not even suggesting that other offenses had been committed". And the judge told the jury that he did not know whether or not Poole had a clear record, that his record was not before the jury and not for its consideration.

■ We also reject counsel's argument that prejudice can be inferred from the great disparity between Poole's and Kirkpatrick's sentences. The evidence in this case showed that Poole, armed with a sawed-off shotgun, entered a motel and robbed the night clerk. Kirkpatrick, who was not in the motel when the robbery occurred, was tried and convicted as a principal in the second degree. See p. 269, *infra.* The disparity in sentence can be explained by the disparity in conduct.

■ We also reject the procedural complaints made by Poole's counsel. The fact that the Commonwealth made no objection to defense counsel's argument to the jury and did not ask for an instruction did not preclude the judge from volunteering an instruction. "[A]lthough it is not the practice in Virginia for the court unasked to charge the jury upon the law of the case, yet the mere fact that it does so cannot of itself be assigned as error. [Citing authority.] The accused has certainly no just cause of complaint if the law is properly expounded." *Dejarnette v. Commonwealth,* 75 Va. 867, 877 (1881).

■ The judge did not commit reversible error by instructing the

jury immediately before it withdrew to deliberate. "It is the general practice in this Commonwealth to instruct the jury at the conclusion of all the evidence and before argument. However, incidents may arise that render it necessary and proper in the interest of justice to give instructions during argument or after the jury has retired for the purpose of considering their verdict." *Simpson* v. *Commonwealth,* 199 Va. 549, 555, 100 E.S.2d 701, 705 (1957).

We have no reason to conclude that Poole was prejudiced by the timing of the instruction. His counsel argues that the judge should have interrupted his argument to correct any misstatement of law, instead of waiting until the end of oral argument. But counsel has given us no reason for concluding that this procedure would have made counsel's argument to the jury more effective or would have caused the jury to give less weight to the instruction.

*Affirmed.*