## Richmond

## RONALD LAMONT HINES V. COMMONWEALTH OF VIRGINIA.

April 22, 1977.

Record No. 760464.

Present, All the Justices.

*Michael Morchower (John W. Luxton; Ott, Morchower, Thompson & McMullan,* on brief), for plaintiff in error.

*James E. Kulp, Assistant Attorney General (Andrew P. Miller, Attorney General,* on brief), for defendant in error.

HARRISON, J., delivered the opinion of the court.

Ronald Lamont Hines contends that an instruction given at his trial relative to his failure to testify violated his Fifth Amendment rights and constituted prejudicial error requiring a reversal of his conviction.

Hines was indicted for (1) the possession of heroin with intent to distribute; (2) possession of drug paraphernalia; and (3)

possession of marijuana. At his trial appellant did not testify in his own behalf and introduced no evidence. The jury found defendant guilty as charged and fixed his punishment at ten years in the penitentiary, twelve months in jail and a fine of $1,000, and twelve months in jail, respectively. Judgment was entered by the trial court, and this appeal was noted.

A search of appellant's apartment, made by Richmond police officers pursuant to a search warrant, disclosed approximately 52 packages of heroin, some marijuana, and drug paraphernalia, including a spoon, strainer, needle and syringe. At the time of Hines' arrest, 24 days after the search, he had in his possession United States currency in the amount of $418. Defendant told police that he won the money gambling.

During closing argument, the Commonwealth's Attorney made the following statement: "Well, did you hear any — did you hear witnesses on behalf of the defendant come in here and tell you that he was gambling ... and that's how he got his money?" Counsel for defendant objected on the grounds that the argument was not relevant; that the burden of proof was on the Commonwealth; and that since there was no obligation on the part of defendant to offer any evidence his failure to do so was not a proper subject of comment. In the absence of the jury the trial judge observed that he did not think the Commonwealth's Attorney had "entered the forbidden line. The forbidden line is comment on defendant's failure to testify. Why can he not comment on the failure to produce evidence?" After the exchange with counsel the trial court said: "In light of your objection, I will give a further instruction ... which I think the jury ought to have anyhow .... That instruction does not say anything about the failure to produce evidence." The jury returned, and the court gave the following instruction, to which defendant objected:

> "Failure of the defendant to testify creates no presumption against him and in considering his innocence or guilt, his failure to testify is not a circumstance which the jury is entitled to consider."

Virginia Code § 19.2-268, which affords an accused the opportunity to testify or not, as his interests dictate, also provides that "his failure to testify shall create no presumption against him, nor be the subject of any comment before the court

or jury by the prosecuting attorney". We have said that the statutory prohibition against comment upon the failure of the accused to testify is so positive, so clear and so direct, that it is unnecessary to enter the realm of speculation to discover the intention of the lawmakers. In unambiguous language they have said it shall not be done. And we have held that the requirement of the section must be strictly observed. *Banovitch* v. *Commonwealth*, 196 Va. 210, 83 S.E.2d 369 (1954).

In determining whether a remark falls within the boundary of the prohibition that a prosecutor shall not make an adverse comment before the jury on a defendant's failure to testify, the test is whether, in the circumstances of the particular case, "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify". *Knowles* v. *United States*, 224 F.2d 168, 170 (10th Cir. 1955). *See also United States* v. *Williams*, 521 F.2d 950, 953 (D.C. Cir. 1975).

In the instant case, appellant had a large sum of currency in his possession at the time of his arrest. It was obviously the theory of the Commonwealth that this money was obtained in the course of defendant's illegal trafficking in drugs. The purpose of the prosecutor's argument was to direct the jury's attention to the fact that there was no other explanation for defendant's possession of such a sum. The trial judge correctly concluded that this argument was not a comment upon defendant's failure to testify. *See Washington* v. *Commonwealth*, 216 Va. 185, 217 S.E.2d 815 (1975); *Miller* v. *Commonwealth*, 153 Va. 890, 149 S.E. 459 (1929); *Sutton* v. *Commonwealth*, 85 Va. 128, 7 S.E. 323 (1888). However, because of the objection that had been made and apparently because the jury might possibly have construed the argument of the prosecuting attorney as a reference to the failure of the accused to testify, the court gave the cautionary instruction in dispute. The trial judge was faced with the alternatives of overruling the objection made by defendant and permitting the prosecutor to continue his argument; of declaring a mistrial; or of sustaining the objection and giving the jury a cautionary instruction.

Appellant argues that his defense was predicated upon two basic principles — the presumption of innocence and the burden of proof required for a conviction. He exercised his Fifth Amendment right to remain silent at trial, and, in the exercise

of trial strategy, he did not request an instruction that the jury was not to draw a negative inference from his silence. It is his contention that when the court voluntarily gave such an instruction, it magnified appellant's failure to testify and raised certain adverse inferences in the minds of the jurors which would not otherwise have occurred. Hines relies strongly upon *Griffin* v. *State of California,* 380 U.S. 609, 615 (1965), where the Court held that "the Fifth Amendment, in its direct application to the Federal Government, and in its bearing on the States by reason of the Fourteenth Amendment, forbids either comment by the prosecution on the accused's silence or instructions by the court that such silence is evidence of guilt".

In *Poole* v. *Commonwealth,* 211 Va. 262, 176 S.E.2d 917 (1970), counsel there also relied primarily on *Griffin* to sustain his position that a volunteered instruction commented improperly on Poole's failure to testify. We pointed out that *Griffin* involved a materially different comment to the jury because the judge there instructed the jury that the failure of defendant to testify could be considered as tending to indicate the truth of the evidence produced against him; and further, that, although the instruction was authorized by the California constitution, it violated Griffin's Fifth Amendment privilege against self-incrimination. In *Poole* the judge specifically instructed the jury that Poole's failure to testify should not prejudice him on the issue of guilt or punishment. We concluded that the judge's comments did not come within the rule of *Griffin* or violate Poole's Fifth Amendment privilege against self-incrimination.

In the case under review, the trial judge specifically told the jury that the failure of Hines to testify created no presumption against him and that such failure was not a circumstance which the jury was entitled to consider in determining the guilt or innocence of the accused, both being correct statements of the law.

The Attorney General and counsel for defendant agree that the specific question involved here has never previously been considered by this Court. Both also agree that the authorities are divided on the propriety of giving such an instruction when it is unrequested.

The most recent case in point is *State v. Piper,* 113 Ariz. 390, 555 P.2d 636 (1976). There the Arizona Supreme Court

reaffirmed its holding in *State* v. *McAlvain*, 104 Ariz. 445, 454 P.2d 987 (1969), *cert. denied*, 396 U.S. 1023 (1970), that it is "... better practice for the trial judge to give the instruction ... [RAJI 8] ... only if ... requested by the defendant, but it is not reversible error if ... given without request". 104 Ariz. at 448, 454 P.2d at 990.[1] In *Piper* the defense sought to have the court extend *McAlvain* by holding that the giving of such a cautionary instruction over the objection of defendant would constitute reversible error. The court stated:

"This argument has been presented in many cases, but rarely successfully, and we decline to extend *McAlvain* in such a way.

"The trial court is required, we now hold, to give this instruction upon request of a defendant. A.R.S. § 13-163(B); *State* v. *Dean*, 8 Ariz.App. 508, 447 P.2d 890 (1968); *State* v. *Hale*, Or.App., 537 P.2d 1173 (1975); *Kimmel* v. *People*, 172 Colo. 333, 473 P.2d 167 (1970); *State* v. *Baxter*, 51 Haw. 157, 454 P.2d 366 (1969), *cert. denied*, 397 U.S. 955, 90 S. Ct. 984, 25 L.Ed.2d 138 (1970).

"It is certainly not reversible error if the instruction is given without request. *State* v. *Wheeler*, 108 Ariz. 338, 498 P.2d 205 (1972); *State* v. *McAlvain, supra.* In a joint trial, a court must give the instruction to a jury upon request of one codefendant, even where other codefendants may object. *State* v. *Dean, supra*; *United States* v. *Epperson*, 485 F.2d 514 (9th Cir. 1973); *United States* v. *Schroeder*, 433 F.2d 846 (8th Cir. 1970), *cert. denied*, 401 U.S. 943, 91 S.Ct. 951, 28 L.Ed.2d 244 (1971); *United States* v. *Kelly*, 349 F.2d 720 (2d Cir. 1965), *cert. denied*, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); *Caton* v. *United States*, 407 F.2d 367 (8th Cir. 1969), *cert. denied*, 395 U.S. 984, 89 S.Ct. 2149, 23 L.Ed.2d 773 (1969); *United States* v. *Russo*, 413 F.2d 432 (2d Cir. 1969). There is no right, in the federal circuit courts, of defendants to insist the instruction *not* be given. *United States* v. *Williams*, 172 U.S. App.D.C. 290, 521 F.2d 950 (1975), and sev-

---

[1] The "Recommended Arizona Jury Instruction, Criminal Standard 8" reads:

"The state must prove all of its case against the defendant with evidence that the state itself gathers. Therefore the defendant is not required to testify. The decision on whether to testify is left to the defendant, acting with the advice of his attorney. You must not conclude that the defendant is likely to be guilty because he does not testify. You must not discuss this fact or let it affect your deliberations in any way."

eral of the federal circuits, as well as several states, have held that it is not erroneous to give the instruction over the defendant's objections, even when there are no co-defendants requesting it. *United States* v. *Bailey*, 526 F.2d 139 (7th Cir. 1975); *United States* v. *Wick*, 416 F.2d 61 (7th Cir. 1969), *cert. denied*, 396 U.S. 961, 90 S.Ct. 436, 24 L.Ed.2d 425 (1969); *United States* v. *Schwartz*, 398 F.2d 464 (7th Cir. 1968), *cert. denied sub nom. Pyne* v. *United States*, 393 U.S. 1062, 89 S.Ct. 714, 21 L.Ed.2d 705 (1969); *Kimmel* v. *People, supra*; *State* v. *Baxter, supra.*

"The rationale in most of these cases is (1) that the instruction is basically a helpful one to the defendant and (2) defendants, generally, were unable to show any actual prejudice from the giving of such an instruction, as long as it was in proper form; *i.e.*, stated the law properly. . . .

\* \* \*

"We do reiterate our admonition in *McAlvain, supra*, to trial judges, however, where not requested, and especially where objected to by a defendant (except in the case of conflict between codefendants), the better practice is to *not* give the RAJI 8 instruction." 113 Ariz. at 393-94, 555 P.2d at 639-40.

For a collection of pertinent cases see an annotation found in 18 A.L.R.3d 1335, and the supplement thereto, which addresses the "propriety under *Griffin* v. *California* and prejudicial effect of unrequested instruction that no inferences against accused should be drawn from his failure to testify".

Statutes similar to Virginia Code § 19-2-268 [2], and failure to testify instructions, are designed for the benefit and protection of defendants. We agree with the following statement found in *United States* v. *Garguilo*, 310 F.2d 249, 252 (2d Cir. 1962):

"It is far from clear that such an instruction is prejudicial to a defendant; the chances are rather that it is helpful. The jurors have observed the defendant's failure to take the stand; in the absence of instruction, nothing could be more natural than for

---

[2] *See* 18 U.S.C. § 3481 (1970). In *Bruno* v. *United States*, 308 U.S. 287 (1939), it was held that defendants in criminal cases have a right under that section to have a failure to testify instruction read if requested.

them to draw an adverse inference from the lack of testimony by the very person who should know the facts best."

In the instant case the instruction given by the trial court was in the language of the statute and properly expounded the law. In *Dejarnette* v. *The Commonwealth*, 75 Va. 867, 877 (1881), the Court said:

> "[A]lthough it is not the practice in Virginia for the court unasked to charge the jury upon the law of the case, yet the mere fact that it does so cannot of itself be assigned as error. [Citation omitted] The accused has certainly no just cause of complaint if the law is properly expounded."

Notwithstanding the division of authorities, and although the instruction given is not violative of *Griffin*, appellant says that it should not have been given over his objection. He would have us hold that such an instruction should never be given over a defendant's objection and that if so given such action should constitute reversible error. We decline to so decide. We recognize that the issue is a sensitive one. However, we observe that the prohibition in the Virginia statute of any comment before the court or jury by the prosecuting attorney on the failure of an accused to testify has with few exceptions been honored.

A failure to testify instruction should always be given if requested by a defendant. While the better practice is that it not be given over defendant's objection, there will be cases in which a cautionary instruction may be given by a court in the exercise of its sound discretion and where no prejudice will result.

In the instant case we find no abuse of discretion by the trial court and no prejudicial error to the defendant. There has been no violation here of the defendant's Fifth Amendment rights.

The judgment of the lower court will be

*Affirmed.*