COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Fitzpatrick, Judges Annunziata and
          Bumgardner
Argued at Alexandria, Virginia


TYRONE JAMES WIGGINS
                                    MEMORANDUM OPINION[*] BY
v.     Record No. 2689-96-4    CHIEF JUDGE JOHANNA L. FITZPATRICK
                                      FEBRUARY 10, 1998
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF FAIRFAX COUNTY
                      J. Howe Brown, Judge

          M. Dale Phelps, Assistant Public Defender
          (Office of the Public Defender, on brief),
          for appellant.

          John H. McLees, Jr., Assistant Attorney
          General (Richard Cullen, Attorney General, on
          brief), for appellee.


     Tyrone J. Wiggins (appellant) was convicted in a jury trial

of receiving stolen property valued in excess of $200 in

violation of Code § 18.2-108.  On appeal, he argues that:  (1)

the trial court failed to properly instruct the jury; and (2)

despite appellant's failure to object at trial, reversal is

required to attain the ends of justice.  For the reasons that

follow, we affirm the conviction.

                        I.  Background

     Appellant contends the trial court erred in failing to

instruct the jury on the presumption of innocence, the

Commonwealth's burden to prove every element beyond a reasonable

---

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

doubt, the jury's duty to assess the credibility of witnesses, and the jury's obligation to draw no adverse inference from appellant's exercise of his right to remain silent.

During <u>voir</u> <u>dire</u>, the trial court posed the following inquiry to the jury:

> Mr. Wiggins, as I indicated, has pled "not guilty," to this charge, and that means that he is <u>presumed to be innocent</u> of the charge, and that <u>presumption of innocence</u> remains with him throughout the trial, and <u>is enough</u> <u>to require you to find him not guilty</u>, unless and until the Commonwealth proves each and every element of the offense, beyond a reasonable doubt.
> <u>Do all of you understand that</u> <u>presumption of innocence, and will you apply</u> <u>it in this case?</u>

(Emphasis added). No jurors responded to indicate that they did not understand or could not comply with the trial court's instruction. Defense counsel also questioned the jurors to ascertain that they understood and could follow the requirement that the Commonwealth prove its case beyond a reasonable doubt.

During the time when counsel exercised their peremptory strikes, the trial court gave the jury additional preliminary instructions:

> The law that you apply to this case is given to you in these instructions, and in other instructions that you will receive at the close of all the evidence, and you must follow all of these instructions.
> It is your duty to determine the facts, and to determine them from the evidence, and the reasonable inferences arising from the evidence.
> In so doing you must not indulge in guesswork or speculation.

2

The trial court also instructed the jurors that "you may give the testimony of any witness just such weight and value as you believe the testimony of that witness is entitled to receive."

The Commonwealth's case established that upon execution of a search warrant at appellant's home, police discovered sixty-one videotapes valued at between $3,000 and $4,000, and marked with labels, bar codes, and security devices belonging to Cross Point Video. Appellant's defense was based upon the testimony of others and a statement he gave the police claiming that he had purchased the tapes from an assistant manager at Cross Point and did not know they were stolen. Appellant did not testify at trial.

When the trial court asked both counsel for jury instructions, the Commonwealth offered two model instructions. Defense counsel did not object to the proffered instructions and did not request any additional instructions. In the first instruction, the court reviewed the elements of the charged offense and then described the Commonwealth's burden of proof:

> If you find that the Commonwealth has proved, beyond a reasonable doubt, each of the above elements of the offense, then you shall find the defendant guilty . . . .
> If you find that the Commonwealth has failed to prove, beyond a reasonable doubt, any one or more of the elements of the offense, then you shall find the defendant not guilty.

The second instruction reviewed the use of circumstantial evidence:

> The Court instructs the jury that knowledge

3

that the goods were stolen need not be directly proved. It may be shown by circumstances, which if proved, must have caused the defendant to believe the goods were stolen.

Evidence that the property was obtained a[t] less than true value, standing alone, is not evidence to show that the defendant knew the goods were stolen.

Proof that the defendant was in exclusive personal possession of recently stolen goods, not explained by other evidence, is a circumstance from which you may reasonably infer that the defendant received the goods, knowing them to have been stolen, and that he received them with dishonest intent.

During deliberations, the jury sent the court the following question:

Page 1 on the jury instructions claims we need to decide "beyond a reasonable doubt." On page 2 it instructs we can decide on "circumstantial evidence." Must the state prove his guilt based on the instructions on page 1 or 2 or how do we decide?

The judge proposed and both counsel approved the following response: "The Commonwealth must prove guilt beyond a reasonable doubt. You may consider circumstantial evidence along with other evidence."

## II. Rule 5A:18

Appellant concedes that he failed to request additional jury instructions or to object to the instructions given at trial. However, he contends that the "ends of justice" exception to Rule 5A:18 should be applied in the instant case.

No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling,

4

> except for good cause shown or to enable the
> Court of Appeals to attain the ends of
> justice.

Rule 5A:18.  "Under Rule 5A:18 we do not notice the trial errors for which no timely objection was made except in extraordinary situations when necessary to enable us to attain the ends of justice."  Phoung v. Commonwealth, 15 Va. App. 457, 463, 424 S.E.2d 712, 716 (1992).

> The laudatory purpose behind Rule 5A:18
> . . . is to require that objections be
> promptly brought to the attention of the
> trial court with sufficient specificity that
> the alleged error can be dealt with and
> timely addressed and corrected when
> necessary.  The rules promote orderly and
> efficient justice and are to be strictly
> enforced.

Redman v. Commonwealth, 25 Va. App. 215, 220, 487 S.E.2d 269, 272 (1997).  "[T]he ends of justice exception is narrow and is to be used sparingly."  Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  "In order to avail oneself of the exception, a defendant must affirmatively show that a miscarriage of justice has occurred."  Redman, 25 Va. App. at 221, 487 S.E.2d at 272 (citing Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987)).  "Whether we apply the bar of Rule 5A:18 or invoke the ends of justice exception, we must evaluate the nature and effect of the error to determine whether . . . the error clearly had an effect upon the outcome of the case."  Phoung, 15 Va. App. at 464, 424 S.E.2d at 716 (citation omitted).

Appellant first argues that the trial court's failure to

5

instruct the jury on the presumption of innocence at the close of evidence deprived him of a fair trial. "[T]he presumption of innocence is 'a landmark of the law.'" Whaley v. Commonwealth, 214 Va. 353, 355, 200 S.E.2d 556, 558 (1973) (citation omitted) ("accused is entitled to an instruction on the presumption of innocence, and it is reversible error for the trial court to refuse such an instruction when requested"). However,

> the failure to give a requested instruction on the presumption of innocence . . . must be evaluated in light of the totality of the circumstances – including all the instructions to the jury, the arguments of counsel, whether the weight of the evidence was overwhelming, and other relevant factors.

Kentucky v. Whorton, 441 U.S. 786, 789 (1979).

In the instant case, the trial court explained the presumption of innocence thoroughly during voir dire and later reminded the jurors to follow all of its prior instructions. In addition, the trial was a brief one and lasted less than a day. Although the better practice is to give this instruction prior to final argument even if not offered by either party, under these circumstances it is unlikely "that the jury retired to deliberate less than fully aware of the presumption of innocence." United States v. Ruppel, 666 F.2d 261, 274–75 (5th Cir. 1982) (failure to give instruction at end of 11-day trial not reversible error where court explained presumption of innocence in preliminary instructions and referred to those instructions in final charge, and defense counsel referred to presumption in closing argument). Accord United States v. Van Helden, 920 F.2d 99, 101–02 (1st

6

Cir. 1990) (court should have instructed jury on presumption in charge, but "court's unobjected-to failure to repeat the five-times reiterated admonition to the jury concerning the presumption of innocence" was not reversible error). The failure to give any instruction on the presumption of innocence during the trial would be clear and material error. However, "[a]n error that is not important enough to affect the outcome of the trial is not material but rather is harmless error." Phoung, 15 Va. App. at 465-66, 424 S.E.2d at 717. Under the facts of this case, while the trial court should have given the presumption of innocence instruction again at the end of trial, any error was harmless.

Appellant's next contention that the trial court improperly instructed the jury on the Commonwealth's burden of proof has no merit. During voir dire, the court instructed the jury that the Commonwealth was required to prove each and every element beyond a reasonable doubt and gave jurors the preliminary instruction that they "must not indulge in guesswork or speculation." At the close of the trial, the trial court gave the Commonwealth's first proposed instruction which outlined the elements of the charged offense and reviewed the burden of proof as being beyond a reasonable doubt. The trial court properly did not attempt to define "reasonable doubt," since "it is highly probable that any definition devised would be less illuminating than the expression itself." Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d

7

775, 777 (1986) (citation omitted).  Additionally, the trial court gave appropriate instruction regarding reasonable doubt in response to the jurors' written question.  The jury was properly instructed on the Commonwealth's burden to prove its case beyond a reasonable doubt.

Appellant also argues that the trial court failed to properly instruct the jury that it must determine the credibility of witnesses.  We disagree.  The court gave just such an instruction during the peremptory strike period, before the jury would have to make credibility determinations.  Moreover, from the verdict it is clear the jury chose to believe some witnesses and not others.

Lastly, appellant contends the trial court committed reversible error when it failed to sua sponte instruct the jury not to draw any adverse inference from appellant's exercise of his right not to testify.  "[W]hen a principle of law is vital to a defendant in a criminal case, a trial court has an affirmative duty properly to instruct a jury about the matter."  Jimenez v. Commonwealth, 241 Va. 244, 250, 402 S.E.2d 678, 681 (1991) (citations omitted) (reversible error to refuse rather than amend defective instruction regarding essential elements of case). However, the principle that a jury shall not draw a negative inference from a defendant's silence is not vital to a defense. Although a trial court is required "to give this instruction upon request of a defendant," some defendants deliberately do not

8

request it to avoid drawing attention to their silence.  <u>Hines v. Commonwealth</u>, 217 Va. 905, 909, 234 S.E.2d 262, 265 (1977) (citation omitted).  To require a court to give the instruction <u>sua</u> <u>sponte</u> would deprive defendants of this option in determining their trial strategy and would not provide any benefit that was not already available.  In the instant case, appellant could have requested and received the negative inference instruction, but he did not do so.  The trial court's failure to give this instruction on its own initiative was not error.

"We have held that a clear miscarriage of justice has occurred when the error is 'clear, substantial and material.'" <u>Phoung</u>, 15 Va. App. at 464, 424 S.E.2d at 716 (citation omitted). In the instant case, the trial court's failure to instruct the jury on the presumption of innocence was harmless, and appellant's additional contentions lack merit.  Consequently, the record in this case does not support the application of the ends of justice exception to Rule 5A:18.  For the foregoing reasons, the decision below is affirmed.

<u>Affirmed.</u>