# Paul Lawrence Dunbar Johnson, Jr.

## v.

## Commonwealth of Virginia

Record No. 870855

September 23, 1988

Present: Carrico, C.J., Poff, Compton, Stephenson, Russell, and Thomas, JJ., and Cochran, Retired Justice

*Peter W. Buchbauer (Swift & Buchbauer, P.C.*, on briefs), for appellant.
*David A. Rosenberg, Assistant Attorney General (Mary Sue Terry, Attorney General*, on brief), for appellee.

POFF, J., delivered the opinion of the Court.

The sole issue framed in this appeal is whether, as the defendant contends, "[t]he remarks of the prosecutor clearly constituted impermissible comment on Petitioner's failure to testify."

In the Circuit Court of the City of Winchester, Paul Lawrence Dunbar Johnson, Jr., pled not guilty to an indictment for statutory burglary, and his plea was announced in the charge to the jury. In closing argument, defense counsel said:

Now, there is no question in my mind, and I assume that there is no question in your mind, that the residence . . . was entered by force on May 1st, 1985. Not a lot of doubt about that. The question, however, is who did it? The Commonwealth says that it was Mr. Johnson. Mr. Johnson says it wasn't. And, the twelve of you have to decide whether the Commonwealth has met its burden of proving that it was Mr. Johnson beyond a reasonable doubt.

In rebuttal, the prosecutor argued:

Now, what else was pointed out to you by the Defense in their opening statement? They said to you, "What I say, what [the prosecutor] say[s], that is not evidence." And, when we get around to the argument it is still not evidence. It is argument. And, you are the sole judges of the facts.

And, when he stood up here to argue what did he tell you. He says, the police tell you that Mr. Johnson committed that breaking and entering. Mr. Johnson said that he didn't. Have you heard from that witness stand any evidence of . . . Mr. Johnson saying, "I didn't do it."

Defense counsel objected on the ground "it is not open to comment as to whether or not he takes the stand." The trial court overruled the objection, finding that defense counsel had "opened it up", but granted an instruction that told the jury that "[t]he Defendant does not have to testify, and his failure to do so cannot be considered by you."

Two witnesses who had observed the crime in progress identified Johnson at trial as the criminal agent. The jury returned a guilty verdict fixing a penalty of 12 years in the penitentiary, and the trial court entered judgment confirming the verdict.

Johnson raised three issues in his appeal to the Court of Appeals. From an order of that Court affirming the judgment of the trial court, we granted Johnson an appeal limited to the issue stated above.

█ As a general rule, any comment that the Commonwealth's Attorney made referring to the defendant's election not to testify is a violation of his rights against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution, *Griffin* v. *California*, 380 U.S. 609, 615 (1965), and Article I, Section 8 of the Virginia Constitution and as explicated in Code § 19.2-268, *Elliott* v. *Commonwealth*, 172 Va. 595, 598-601, 1 S.E.2d 273, 274-76 (1939). A comment is constitutionally and statutorily forbidden if " 'the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify'." *Hines* v. *Commonwealth*, 217 Va. 905, 907, 234 S.E.2d 262, 263 (1977) (quoting *Knowles* v. *United States*, 224 F.2d 168, 170 (10th Cir. 1955)).

█ We uphold the trial court's decision overruling the defendant's objection. In our view, the prosecutor's remarks were not

proscribed under the test approved in *Hines*. In *Washington* v. *Commonwealth*, 216 Va. 185, 195, 217 S.E.2d 815, 824 (1975), we held that a prosecutor's comment that the Commonwealth's evidence was uncontradicted was not necessarily a reference to the defendant's failure to testify but an argument that the testimony of the witnesses who had testified was credible. *Accord Miller* v. *Commonwealth*, 153 Va. 890, 899-903, 149 S.E. 459, 461-62 (1929) (in prosecution for seduction, prosecutor's remark that no witness had contradicted testimony of two witnesses that accused had admitted sexual intercourse with prosecutrix was not proscribed comment).

Speaking rhetorically, the prosecutor in the case at bar asked the jurors if they had "heard from that witness stand any evidence" that the defendant had denied his guilt. Any witness who had spoken with the defendant could have supplied such evidence if, in fact, the defendant had uttered such a denial. Hence, the prosecutor's reference to the lack of such evidence — like a comment that incriminating evidence had not been contradicted, *see Quintana* v. *Commonwealth*, 224 Va. 127, 146, 295 S.E.2d 643, 652 (1982), *cert. denied*, 460 U.S. 1029 (1983); *Hines*, 217 Va. at 906-07, 234 S.E.2d at 263-64; *Williams* v. *Commonwealth*, 4 Va. App. 53, 80-81, 354 S.E.2d 79, 94-95 (1987) — cannot be characterized fairly as a remark that the jury naturally and necessarily would interpret as a comment on the fact that Johnson had exercised his right not to testify.

█ Moreover, a remark by a prosecutor, otherwise improper, "may become proper under the invited error doctrine when the area has been opened to fair comment by the argument and comment of defense counsel or of a *pro se* defendant." *Lincoln* v. *Commonwealth*, 217 Va. 370, 373, 228 S.E.2d 688, 690 (1976) (citations omitted). In a decision handed down since we granted the instant appeal, the United States Supreme Court reached a similar conclusion. In *U.S.* v. *Robinson*, ____ U.S. ____, ____ n.2, 108 S.Ct. 864, 866 n.2 (1988), defense counsel had argued repeatedly that the prosecutor had failed to provide the accused "an opportunity to explain." In rebuttal, the prosecutor had argued to the jury that the defendant "could have taken the stand and explained it to you, anything he wanted to." *Id.* at ____, 108 S.Ct. at 867. The Court held that "where as in this case the prosecutor's reference to the defendant's opportunity to testify is a fair response to a claim made by defendant or his counsel, we think

there is no violation of the [Fifth Amendment] privilege." *Id.* at _____, 108 S.Ct. at 869. The Court explained:

> It is one thing to hold, as we did in *Griffin* [v. *California*, 380 U.S. 609 (1965)], that the prosecutor may not treat a defendant's exercise of his right to remain silent at trial as substantive evidence of guilt; it is quite another to urge, as defendant does here, that the same reasoning would forbid the prosecutor from fairly responding to an argument of the defendant by adverting to that silence.

*Id.* at _____, 108 S.Ct. at 870.

■ On brief, defense counsel argues that his comments in summation were merely references to the indictment and the not-guilty plea and that "both . . . are 'facts' before the jury." Yet, in his opening statement, he had admonished the jurors that they could consider only the sworn testimony of witnesses introduced at trial. In his closing argument, defense counsel declared, with no mention of the defendant's plea, that Johnson had denied that he was the criminal agent and that the Commonwealth had the burden of producing evidence to prove that he was. Considered together, these comments could have misled the jury to believe that one of the witnesses had given evidence at trial that he had heard Johnson proclaim his innocence.

■ Obviously, the trial judge thought so, because he said in a letter opinion that "when I heard defense counsel make the argument, I considered . . . indicating to the jury that . . . the jury should disregard the argument as not a part of the evidence and completely unjustified." The prosecutor's comments, prefaced as they were by a reminder that defense counsel had emphasized the need for testimonial evidence rather than declarations of attorneys, reflect the same interpretation of defense counsel's remarks. We share that interpretation, and we think that the only reasonable import of the prosecutor's response was that no testimony delivered from the witness stand supported defense counsel's assertion that "Mr. Johnson says that he didn't [commit the crime]." Insofar as the prosecutor's comments arguably could be characterized as a reference to Johnson's failure to take the witness stand, we will apply the invited error doctrine defined in *Robinson* and *Lincoln*.

Finding no reversible error below, we will affirm the order of the Court of Appeals affirming the judgment of the trial court.

*Affirmed.*