COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Frank and Senior Judge Hodges
Argued at Salem, Virginia


JAMES ANTHONY HAZEL
                                           OPINION BY
v.    Record No. 1847-98-3         JUDGE SAM W. COLEMAN III
                                          FEBRUARY 1, 2000
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF RUSSELL COUNTY
                 Willis A. Woods, Judge Designate

          Jay H. Steele (Dollie Compton, on briefs),
          for appellant.

          Michael T. Judge, Assistant Attorney General
          (Mark L. Earley, Attorney General, on brief),
          for appellee.


     James Anthony Hazel was convicted in a jury trial of first

degree murder, in violation of Code § 18.2-32, and use of a

firearm during the commission of a felony, in violation of Code

§ 18.2-53.1.  On appeal, Hazel contends the trial court erred by

denying his motion for a mistrial based upon improper and

prejudicial questions asked by the Commonwealth's Attorney during

voir dire examination of the venirepersons.  He argues that the

Commonwealth's questions improperly commented on his

constitutional right to remain silent and not to testify, thereby

depriving him of a fair trial.  We agree.  Therefore, we reverse

the convictions and remand for further proceedings.

BACKGROUND

The evidence, viewed in the light most favorable to the Commonwealth, proved that Hazel shot and killed James Carter. Hazel made a statement to the investigating officer, in which Hazel recounted that he had gone to Carter's residence looking for work as he had on prior occasions. According to Hazel, Carter was angry about something and was acting strangely. Carter told Hazel that he could help him hoe tobacco. After they began hoeing, Carter told Hazel that he would not pay him for the work he was doing. Hazel then stated that because Carter already owed him money, he "quit." Hazel hung up his hoe, retrieved a .22 caliber rifle from Carter's shed, and returned to the tobacco field to confront Carter. Hazel stated that as he stood waving the rifle, he told Carter that he would take the rifle in exchange for the money Carter owed him. Carter threatened to call the police if Hazel took the rifle. Hazel stated that, while he was waving the gun around, it accidentally discharged and that he did not intentionally shoot Carter. Not realizing that he pulled the trigger, Hazel saw Carter fall.

The facts show that Hazel then shot Carter a second time. Hazel did not testify.

At trial, the Commonwealth's Attorney posed the following four questions during voir dire examination of the prospective jurors:

[Commonwealth]: And, as the Court advised you, the defendant has no burden to produce any evidence in this case. And, he has a fundamental and Constitutional Right not to testify if he chooses not to and that is not to be held against him nor are you to draw any adverse inferences from he's [sic] choosing not to testify. Does everyone agree with that?

AFFIRMATIVE JURY PANEL RESPONSE

[Commonwealth]: And, if the defendant does not or chooses not to testify, does everyone agree that you would not hold that against him in this case?

AFFIRMATIVE JURY PANEL RESPONSE

[Commonwealth]: But, if the defendant were to testify in this case, does everyone feel that you can weigh his testimony with equal footing with any other witness that you would hear in this trial?

AFFIRMATIVE JURY PANEL RESPONSE

[Commonwealth]: And, if the defendant were to testify and were to say that he didn't do it or it was an accident, do you feel that would automatically create reasonable doubt in your mind by that statement alone?

NEGATIVE JURY PANEL RESPONSE

After the Commonwealth's Attorney began asking another, unrelated question, Hazel objected and moved for a mistrial, asserting that the Commonwealth improperly commented on his Fifth Amendment right not to testify. Hazel contends the questions also improperly called upon the jury to consider whether they would be more or less likely to believe him if he testified. He argues that by mentioning that he might testify, the Commonwealth was

unduly pressuring him to forego his right not to testify.  He contends that the improper questions tainted the entire venire. The trial judge denied the mistrial motion, finding that, although the Commonwealth's Attorney's questions were "ill advised," the questions were sufficiently "balanced" and did not prejudice the defendant.

## ANALYSIS

### Procedural Bar

The Commonwealth argues that because Hazel's objection was untimely, we are procedurally barred by Rule 5A:18 from considering the challenge to the array.  The Commonwealth asserts that the objection was not contemporaneous because Hazel did not object until after the Commonwealth's Attorney had asked a series of questions dealing with the same or related subject.

We find that Hazel's objection was timely.  "The primary purpose of requiring timely and specific objections is to afford the trial judge a fair opportunity to rule intelligently on the issues presented, thus avoiding unnecessary appeals and reversals."  Rodriguez v. Commonwealth, 18 Va. App. 277, 284, 443 S.E.2d 419, 424 (1994) (en banc) (citation omitted).  Although we do not consider an issue on appeal for which no specific, contemporaneous objection was made in the trial court, see Rule 5A:18, "[i]t shall be sufficient that a party, at the time the ruling or order of the court is made or sought, makes known to the

court the action which he desires the court to take or his objections to the action of the court and his grounds therefor." Code § 8.01-384(A). Here, counsel objected immediately after the Commonwealth's Attorney asked a series of questions. He then moved for a mistrial, stating the specific grounds for the motion. See Morris v. Commonwealth, 14 Va. App. 283, 287, 416 S.E.2d 462, 464 (1992) (en banc) (finding that a "timely motion for a mistrial . . . is required to preserve the issue for appeal even if an objection was properly made to the conduct or comments and improperly overruled by the trial judge"). Accordingly, we find the issue was properly preserved for appeal.

Next, the Commonwealth, relying on Spencer v. Commonwealth, 238 Va. 295, 384 S.E.2d 785 (1989), and Mu'Min v. Commonwealth, 239 Va. 433, 389 S.E.2d 886 (1990), aff'd in part, 500 U.S. 415 (1991), argues that, even if Hazel timely objected, he waived his challenge to the seating of the jury because he failed to object when the jurors were sworn and seated. In Spencer, defense counsel objected to two rulings during voir dire concerning questions posed to a particular juror. Defense counsel did not object to the seating of the juror, only to the question asked of the juror. On appeal, the Virginia Supreme Court found that the objections to the questions were waived because, although counsel timely objected, counsel did not object to the juror being sworn and seated. See 238 Va. at 306-07, 384 S.E.2d at 793.

Similarly, in Mu'Min, the trial court inquired about a prospective juror's views about capital punishment.  See 239 Va. at 445 n.6, 389 S.E.2d at 894 n.6.  Counsel objected when the question was posed but did not object when the juror was sworn and seated.  The Virginia Supreme Court, relying on Spencer, found that the objection to the questions on voir dire was waived by seating the juror without objection.  See id.  In both cases, the Court reasoned that the objection was to questions asked during voir dire, which objections were waived when the jurors were seated without objection.

The Commonwealth's reliance on Spencer and Mu'Min is misplaced.  In both cases, the defendant only objected to questions or limitations on questions asked of individual jurors during voir dire.  Defense counsel did not object in those cases to the jurors being sworn and seated.  Here, counsel did object to seating the entire jury panel based on improper comments during voir dire about an accused's exercise of his constitutional right.  Conceivably, in Spencer and in Mu'Min the jurors to whom the purportedly objectionable questions were asked or the desired questions were not asked, may have been subsequently excused or objected to for a reason not related to the purportedly objectionable question.  Therefore, in those cases, if the defendant claimed that the improper question disqualified the juror, rather than merely that the question was improper, an

- 6 -

objection to the seating of the particular juror was necessary. However, where, as here, the objection was to seating the panel because it was tainted by improper comments, the objection was sufficient to apprise the court that counsel objected to seating the entire jury. Accordingly, counsel's failure to reassert the objection to seating the jury when the jury was sworn does not bar appellate review of whether the jury was tainted by improper comments during voir dire.

## Voir Dire

"'The choice of whether to testify in one's own defense . . . is an exercise of the constitutional privilege,'" Rock v. Arkansas, 483 U.S. 44, 53 (1987) (citation omitted), guaranteed by the Fifth Amendment of the United States Constitution and Article 1, Section 8 of the Virginia Constitution, and as further codified in Code § 19.2-268. See Johnson v. Commonwealth, 236 Va. 48, 50, 372 S.E.2d 134, 136 (1988). The decision whether a defendant "'shall testify or not . . . [is] submitted to the free and unrestricted choice of one accused of crime, and [is] in the very nature of things beyond the control or direction of [others].'" Brooks v. Tennessee, 406 U.S. 605, 608 (1972) (citation omitted).

It is firmly established that any comment made by a prosecutor referring to the defendant's right not to testify is a violation of the defendant's privilege against self-incrimination guaranteed by the Fifth Amendment of the United States

Constitution.  See Griffin v. California, 380 U.S. 609, 615 (1965); Johnson, 236 Va. at 50, 372 S.E.2d at 136; see also Code § 19.2-268.  The accused's right to remain silent at trial prohibits "'the prosecutor's use of any language or device which compels a defendant to testify.'"  Waldrop v. Commonwealth, 23 Va. App. 614, 622, 478 S.E.2d 723, 726 (1996), rev'd on other grounds, 255 Va. 210, 495 S.E.2d 822 (1998) (quoting State v. Pierce, 439 N.W.2d 435, 444 (Neb. 1989)); see State v. Turner, 433 A.2d 397, 401 (Me. 1981); Clark v. State, 509 S.W.2d 812, 815 (Ark. 1974) (stating that pre-evidentiary coercion is just as forbidden as post-evidentiary comment).

The test for determining whether a comment relating to an accused's Fifth Amendment right to remain silent is constitutionally forbidden is whether, under the circumstances of the case, "'the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the [right] of the accused to testify.'" Hines v. Commonwealth, 217 Va. 905, 907, 234 S.E.2d 262, 263 (1977) (quoting Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955)).  Although a prosecutor's comment on the accused's right to remain silent may be improper, such a statement does not constitute prejudice per se.  See Dunn v. Commonwealth, 222 Va. 750, 752, 284 S.E.2d 807, 808 (1981) (citation omitted).  However, "[w]hen an appellant's constitutional rights have been violated,

we will reverse his conviction unless the Commonwealth proves that any constitutional error was 'harmless beyond a reasonable doubt.'"  Taylor v. Commonwealth, 26 Va. App. 485, 500, 495 S.E.2d 522, 529 (1998) (citation omitted).

The prosecutor's statement, "the defendant has no burden to produce any evidence in this case," was not a comment on Hazel's constitutional right not to testify, and the comment was not improper.  See Johnson, 236 Va. at 51, 372 S.E.2d at 136.  The comment was nothing more than a general statement about who does and does not have the burden of proof and was not a comment upon Hazel's right to remain silent or not to testify.  However, the next statement, "he has a fundamental and Constitutional Right not to testify if he chooses not to and that is not to be held against him nor are you to draw an adverse inference from his choosing not to testify," was an impermissible comment upon Hazel's constitutional right not to testify, and the comment was improper and prejudicial.  See Griffin, 380 U.S. at 614 ("What the jury may infer, given no help from the court, is one thing.  What it may infer when the court solemnizes the silence of the accused into evidence against him is quite another.").  Although the latter comment may be a correct statement of the law, the prosecutor may not comment upon the defendant's exercise or right to exercise the constitutional right to remain silent.  Such a comment draws the jury's attention to the defendant's choice of whether to testify.

The comment that Hazel had a right not to testify called the situation to the jury's attention and, subtly, but effectively, challenged Hazel to testify or to face the possible negative implications from not testifying.  See State v. Lindsey, 578 S.W.2d 903, 904 (Mo. 1979).

In addition, the Commonwealth's third and fourth questions present a similar and related dilemma for the accused.  In these two questions, the Commonwealth asked the jury whether if Hazel testified that he did not commit the offenses or that the shooting was accidental, could they weigh that testimony equally with other evidence or would Hazel's denial necessarily create a reasonable doubt.  These questions also infringed upon Hazel's right not to testify, perhaps even more so than the previous two questions. The prosecutor not only disregarded Hazel's right not to testify, but, in effect, assumed that Hazel would testify and asked the jury to assume that Hazel would waive the right and would testify. The prosecutor then asked the jury to assume what Hazel's testimony might be.

The Commonwealth's questions raised the expectation in the jury's mind that Hazel would testify and raised the expectation as to what that testimony would be.  The Commonwealth's questions, therefore, challenged the jury to notice and draw inferences from whether or not Hazel testified.  Faced with the Commonwealth's Attorney's explicit comments on his right not to testify and the

- 10 -

speculation and characterization of his testimony if he chose to testify, Hazel was prejudiced by the Commonwealth having been allowed to call attention to his exercise of his constitutional right to remain silent and by the Commonwealth being allowed to comment or speculate upon what his testimony might be were he to testify. The prosecutor's comment unduly compromised Hazel's right to remain silent. See generally Brooks, 406 U.S. at 613. We cannot say and the Commonwealth has not proved that the comments in this case were harmless beyond a reasonable doubt. See Taylor, 26 Va. App. at 500, 495 S.E.2d at 529.

Accordingly, we find that the trial court erred by denying Hazel's motion for a mistrial, and we reverse the decision of the trial court and remand the case for further consideration.

Reversed and remanded.