COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Bumgardner and Frank
Argued at Chesapeake, Virginia


ANTHONY HARRIS

                                    MEMORANDUM OPINION* BY
v.    Record No. 0394-01-1        JUDGE RICHARD S. BRAY
                                       FEBRUARY 5, 2002
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF THE CITY OF PORTSMOUTH
                    Johnny E. Morrison, Judge

          Charles B. Lustig (Brenda C. Spry, Deputy
          Public Defender, on brief), for appellant.

          Kathleen B. Martin, Assistant Attorney
          General (Randolph A. Beales, Attorney
          General, on brief), for appellee.


     Anthony Harris (defendant) was convicted in a bench trial of

possession of cocaine, a violation of Code § 18.2-250.  On appeal,

defendant contends the prosecutor erroneously referenced, during

closing argument, his failure to testify at trial.  Finding no

error, we affirm the conviction.

     The parties are fully conversant with the record, and this

memorandum opinion recites only those facts necessary to a

disposition of the appeal.

     On September 9, 2000, at approximately 6:15 p.m., Portsmouth

Police Officer K.L. Johnson, Jr., while on routine patrol,

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

"observed [defendant] cut in between the breezeway" at an apartment building. Johnson approached defendant and, after an innocuous exchange between the men, asked defendant "if he had any weapons or narcotics on him." Defendant responded, "no," and consented to a pat-down of his person, which revealed "a glass tube smoking device" in defendant's "right front pants pocket." Defendant then "stated that the pants were not his" but "belonged to his brother."

Aware "through [his] training and experience [that the smoking device was] used for the consumption of crack cocaine," Johnson arrested defendant and a subsequent chemical analysis confirmed residue of the drug on the glass pipe, resulting in the subject prosecution.

During argument on defendant's motion to dismiss at the conclusion of the related bench trial, the prosecutor, alluding to defendant's statements at the scene of arrest, asserted defendant was then "making up a story . . . to avoid having to accept the fact that he has been busted by Officer Johnson in possession of a crack pipe that has cocaine residue in it[,] . . . a convenient story that he tells Officer Johnson that these are not my pants." The prosecutor then added rhetorically, "Whose pants are they? Did he tell you whose pants they were?"

Defendant's counsel immediately objected, characterizing the argument as an improper comment upon defendant's failure to

-

testify.[1]  In response, the prosecutor explained the remarks referenced "what [defendant] and . . . Officer Johnson said" in the exchange between the two, argument defense counsel conceded would have been "permissible."  Without ruling on defendant's objection, the court then expressed an understanding that the Commonwealth had not intended to reference defendant's "rights . . . to remain silent and not testify" and proceeded to find him guilty of the instant offense.

On appeal, defendant pursues his contention the Commonwealth improperly referenced his failure to testify.  Relying upon Code § 19.2-268 and the well established "general rule" that "any comment . . . referring to the defendant's election not to testify is a violation of his rights against self-incrimination as guaranteed by the Fifth Amendment of the United States Constitution," defendant urges us to reverse the conviction. Johnson v. Commonwealth, 236 Va. 48, 50, 372 S.E.2d 134, 136 (1988) (citing Griffin v. California, 380 U.S. 609, 615 (1965); Va. Const. art. I, § 8).

> In determining whether a remark falls within the boundary of the prohibition that a prosecutor shall not make an adverse comment before the jury on a defendant's failure to testify, the test is whether, in the circumstances of the particular case, "the language used was manifestly intended or was of such character that the jury would

---

[1] Defendant made no related motion for a mistrial or other relief.

-

> naturally and necessarily take it to be a
> comment on the failure of the accused to
> testify."

Hines v. Commonwealth, 217 Va. 905, 907, 234 S.E.2d 262, 263 (1977) (quoting Knowles v. United States, 224 F.2d 168, 170 (10th Cir. 1955)); Winston v. Commonwealth, 12 Va. App. 363, 370, 404 S.E.2d 239, 243 (1991).

Here, the prosecutor explained that the argument in issue related to "the dialogue between [defense counsel] and Officer Johnson," not defendant's failure to testify, and the record clearly reflects the court considered the remarks as intended. See Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981) (judge "uniquely suited . . . to disregard potentially prejudicial comments . . ."). Defendant correctly conceded such argument would have been "permissible."

Under such circumstances, we find the remarks were neither intended nor considered as comment upon defendant's failure to testify and, therefore, free of constitutional implications.

Accordingly, we affirm the conviction.

Affirmed.

-