COURT OF APPEALS OF VIRGINIA


Present:   Judges Elder, Frank and Humphreys
Argued at Richmond, Virginia


ALFONSO NELSON, S/K/A
 ALPHONSO NELSON
                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 3408-02-2                      JUDGE LARRY G. ELDER
                                                          MAY 18, 2004
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                          John W. Scott, Jr., Judge

            Patricia Kelly (Woodbridge, Ventura & Kelly, on brief), for
            appellant.

            Kathleen B. Martin, Assistant Attorney General (Jerry W. Kilgore,
            Attorney General, on brief), for appellee.


       Alfonso Nelson (appellant) appeals from his jury trial convictions for first-degree murder

and use of a firearm in the commission of murder.  On appeal, he contends the trial court's use of

leading questions in an attempt to rehabilitate potential jurors was prejudicial and deprived him

of his right to trial by a fair and impartial jury.  The Commonwealth contends appellant's

objection at trial was not broad enough to cover this issue and addressed only whether the trial

court's question was an improper leading question.  We hold appellant's objection and motion

for mistrial were sufficient to preserve the issue for appellate review.  On the merits, we hold no

reversible error occurred.  Thus, we affirm.


<hr>

       [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I.

## A.

## PROCEDURAL BAR

The Commonwealth contends appellant's claim is procedurally barred for two reasons. It contends the objection was not specific enough to preserve the issue he presents on appeal. It also contends appellant's failure to object to the seating of the jury amounted to a waiver of his objection. For the reasons that follow, we hold the assignment of error is properly before us in this appeal.

Rule 5A:18 provides that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice." "In order to be considered on appeal, an objection must be timely made and the grounds stated with specificity." Marlowe v. Commonwealth, 2 Va. App. 619, 621, 347 S.E.2d 167, 168 (1986).

The Commonwealth argues appellant's objection at trial went "only to the form of the court's question, arguing that it was a leading question that 'presuppose[d]' the answer." The Commonwealth contends appellant did not argue the question influenced the panel's candid responses to other questions or denied him a fair trial.

We hold appellant's objection and motion for mistrial were broad enough to include his current claim that the trial court's leading question influenced the panel's candid responses to later questions and, thus, may have denied him a fair trial. He argued not only that the court's question was leading but also that the question was a "blanket question" that was not properly designed to ascertain the potential jurors' ability "to sit fair and impartial." Further, the fact that appellant made a motion for mistrial clearly indicated appellant's concerns extended to the entire

jury panel, not just to the specific jurors who had answered appellant's earlier question in the negative and whom the trial court may have been attempting to rehabilitate. Appellant would have had no need to ask for a mistrial if his objection related only to the trial court's effort to rehabilitate specific jurors. Under those circumstances, appellant could simply have moved to strike the specific jurors for cause on the ground that they had provided answers giving cause for striking them and that the court's effort at rehabilitation had been flawed. However, appellant went further than simply moving to strike those jurors for cause; he moved for a mistrial, a request indicating his concern related not only to individual jurors whose impartiality had directly been called into question but also to the impartiality of the entire panel. Thus, we hold appellant's objection and mistrial motion were broad enough to cover the assignment of error he raises on appeal.

Second, the Commonwealth contends the claim is procedurally barred because appellant failed to object to the seating of the jury and, thus, waived any previous objection he had made concerning the venire. In support of this claim, the Commonwealth cites Spencer v. Commonwealth, 238 Va. 295, 306-07, 384 S.E.2d 785, 793 (1989), in which the Court held a party waives a *voir dire* objection when he objects to rulings on prospective jurors during *voir dire* but fails to object to the seating of that juror.

Based on our ruling in Hazel v. Commonwealth, 31 Va. App. 403, 409-10, 524 S.E.2d 134, 137-38 (2000), we conclude that appellant's objection and mistrial motion were timely and were sufficient to preserve the challenged issue for appeal. In Hazel, "counsel objected immediately after the Commonwealth's Attorney asked a series of questions" and "then moved for a mistrial, stating the specific grounds for the motion." Id. at 409, 524 S.E.2d at 137. Similarly, here, although the question to which appellant objected was one the trial court rather than the Commonwealth's attorney asked, appellant asked immediately to approach the bench,

and he made his objection and motion for mistrial as soon as the court allowed him to do so out of the presence of the jury.

As we noted in Hazel, the decision in Spencer is distinguishable. In Spencer, "the defendant only objected to questions or limitations on questions asked of individual jurors during *voir dire*. Defense counsel did not object in those cases to the jurors being sworn and seated." Hazel, 31 Va. App. at 410, 524 S.E.2d at 137. In contrast, both in Hazel and here, counsel made a contemporaneous objection and a timely motion for mistrial. Id. Thus, both in Hazel and here, "counsel did object to seating the entire jury panel based on [allegedly] improper comments during *voir dire* . . . ." Id.

> Conceivably, in Spencer . . . [,] the jurors to whom the purportedly objectionable questions were asked . . . may have been subsequently excused or objected to for a reason not related to the purportedly objectionable question. Therefore, in [that case], if the defendant claimed that the improper question disqualified the juror, rather than merely that the question was improper, an objection to the seating of the particular juror was necessary. However, where, as here, the objection was to seating the panel because it was tainted by improper comments, the objection [and motion for mistrial were] sufficient to apprise the court that counsel objected to seating the entire jury.

Id. at 410, 524 S.E.2d at 137-38. Accordingly, counsel's failure to reassert the objection to seating the jury when the jury was sworn does not bar appellate review of whether the jury was fair and impartial.

B.

IMPARTIALITY OF JURY

After several members of the venire voiced a belief--in response to questions from appellant's counsel on *voir dire,* and contrary to existing law--that the accused bore a burden of proof or had a duty to testify, the trial court intervened and asked the following question:

> Is there anyone who would not render a fair and impartial verdict based exclusively on the evidence that you will receive during the

- 4 -

course of the trial and the instructions of law from the Court, even though those instructions may be contrary to a belief that you had prior to coming to court this morning?

One juror responded that he could not apply "those laws or procedures [if they] conflict[ed] with [his] personal religious beliefs." No other jurors gave affirmative responses to the court's inquiry. The trial court ultimately struck for cause all venire members who had given responses indicating a belief that the accused bore a burden of proof or had a duty to testify.

Appellant contends the trial court's question to the jury was leading and inappropriately influenced the entire panel because it "ultimately had the effect of other jurors not answering questions in an honest and forthright manner." He cites our decision in Bradbury v. Commonwealth, 40 Va. App. 176, 578 S.E.2d 93 (2003), in support of his position. We hold Bradbury is distinguishable and that no reversible error occurred.

"The right of an accused to trial by an impartial jury is a constitutional right. Additionally, Code § 8.01-358 and Rule 3A:14 provide that members of the venire must 'stand indifferent in the cause.'" Green v. Commonwealth, 262 Va. 105, 115, 546 S.E.2d 446, 451 (2001). "'[B]y ancient rule, any reasonable doubt as to a juror's qualifications must be resolved in favor of the accused.'" Id. at 117, 546 S.E.2d at 452 (quoting Breeden v. Commonwealth, 217 Va. 297, 298, 227 S.E.2d 734, 735 (1976)).

> Upon appellate review, this Court gives deference to the trial court's decision whether to retain or exclude prospective jurors. This is because the trial judge has observed and heard each member of the venire and is in a superior position to evaluate whether the juror's responses during *voir dire* develop anything that would prevent or substantially impair the juror's performance of duty as a juror in accordance with the court's instructions and the juror's oath. A trial court's decision on this issue will be affirmed absent a showing of manifest error. And, a juror's entire *voir dire*, not isolated portions, must be considered to determine a juror's impartiality.

Vinson v. Commonwealth, 258 Va. 459, 467, 522 S.E.2d 170, 176 (1999) (citations omitted). We hold these same principles apply to a determination of whether the entire venire should be excluded, i.e., whether a mistrial should be granted, due to questions that arise before the jury has been impaneled over the ability of the venire members to be impartial. See also Harward v. Commonwealth, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988) ("On appeal the denial of a motion for a mistrial will not be overruled unless there exists a manifest probability that the denial of a mistrial was prejudicial.").

In the recent case of Bradbury, we considered the proper method for rehabilitating a potential juror once that juror has given some indication of partiality. We noted that a prospective juror's "'[m]erely giving "expected answers to leading questions" does not rehabilitate [that] prospective juror'" and that "'[w]hen asked by the court, a suggestive question produces an even more unreliable response.'" 40 Va. App. at 181, 578 S.E.2d at 95 (quoting McGill v. Commonwealth, 10 Va. App. 237, 242, 391 S.E.2d 597, 600 (1990) (quoting Martin v. Commonwealth, 221 Va. 436, 444, 271 S.E.2d 123, 129 (1980))). We held in Bradbury that, in light of the juror's indications of bias, the trial court's "questions constituted persuasive suggestions more than an impartial inquiry and, as such, were an ineffective means of rehabilitation." Id. at 182, 578 S.E.2d at 96.

The decision in Bradbury is neither controlling nor particularly instructive for three reasons. First, in appellant's case, unlike in Bradbury, the jurors arguably requiring rehabilitation ultimately were struck for cause. Thus, appellant's objection on appeal is not that the court's questioning was insufficient to rehabilitate the jurors whose responses indicated partiality. Rather, his argument is that the court's question was inappropriately leading and impaired his ability to obtain accurate responses from the remaining members of the panel.

Second, in appellant's case, we are not convinced the trial court's question to the jury was inappropriate insofar as it was directed to members of the jury who had not previously voiced concerns about their ability "to render a fair and impartial verdict . . . based exclusively on the law and the evidence that will be presented . . . during the course of this trial" and given the time in the proceedings at which it was asked. The trial court asked the question to which appellant objected only after both the trial court and appellant had multiple opportunities to query potential jurors on the issues of the burden of proof, the presumption of innocence, and the appropriateness of drawing adverse inferences from the failure of the accused to testify.

In the trial court's initial *voir dire* of the venire, it posed the standard question regarding whether "any of [the venire members were] aware of any . . . circumstances . . . that would cause you not to be able to render a fair and impartial verdict in this particular case based exclusively on the law and the evidence that will be presented to you during the course of this trial." The trial court received no positive responses. Appellant posed no objection to the court's question as leading and, in his own *voir dire*, inquired as follows:

> Now, the Judge is going to explain to you and instruct you in something that I think most of us hear all the time and that is that someone who is accused of a crime is presumed to be innocent, unless and until the Commonwealth by their evidence, can prove the person guilty beyond a reasonable doubt. . . .
>     Now, is there anybody who does not agree with that? In other words, is there anybody who believes that you should prove that you're innocent or that those matters are something that both sides should take up? Is there anybody who thinks that . . . someone who is accused of a crime has to prove anything at trial?

Eight jurors responded affirmatively to appellant's original question on that subject or to related follow-up questions. In the course of eliciting those affirmative responses, appellant's counsel asked on at least five separate occasions, in a variety of different ways, whether "anyone else" believed the accused bore a burden of proof or had a duty to testify. On each occasion on which the record indicates counsel received a positive response, he was allowed to query the

responding juror or jurors further. The record indicates that appellant's counsel asked that question a sixth time and contains no indication that any additional jurors raised their hands at that time. Only after counsel had asked that question the sixth time did the trial court interrupt the *voir dire* with the question to which appellant objects. In this context, we hold the trial court's question was not inappropriately leading as directed toward the venire members who had not previously voiced concerns about their ability "to render a fair and impartial verdict."

Third, even assuming the trial court's question was inappropriate because it may have suggested to the entire venire the response that the trial court desired, the court nevertheless properly denied the mistrial motion. The *voir dire* prior to the trial court's question was extensive, a few jurors gave answers indicating possible partiality even after the trial court's question, and the trial court struck for cause all jurors who indicated they believed either that a defendant bears a burden of proof, that an innocent defendant would testify, or that personal religious beliefs would supersede the court's instructions regarding the applicable law. Based on the *voir dire* as a whole, rather than merely isolated portions, we hold the record supports the trial court's conclusion that no *reasonable* doubt existed as to the impartiality of the remaining jurors not struck for cause and, thus, that the denial of appellant's mistrial motion did not constitute manifest error.

II.

For these reasons, we hold appellant's objection and motion for mistrial were sufficient to preserve for appellate review the trial court's ruling on his mistrial motion. On the merits, we hold no reasonable doubt existed as to the impartiality of the remaining jurors and, thus, that the denial of appellant's mistrial motion did not constitute manifest error. Thus, we affirm.

Affirmed.