COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and Kelsey
Argued by teleconference


CHRISTOPHER ROBIN PATRICK

                                                        OPINION BY
v.       Record No. 0832-06-3              CHIEF JUDGE WALTER S. FELTON, JR.
                                                     NOVEMBER 27, 2007
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PITTSYLVANIA COUNTY
Charles J. Strauss, Judge

Jesse W. Meadows III for appellant.

Rosemary V. Bourne, Assistant Attorney General (Robert F.
McDonnell, Attorney General, on brief), for appellee.


Following a jury trial, Christopher Robin Patrick (appellant) was convicted of larceny,

third or subsequent offense, in violation of Code § 18.2-104.  On appeal, he contends the trial

court erred in granting Jury Instruction Number 7, arguing that instruction "unconstitutionally

commented upon [his] failure to testify by informing the jury that it could infer [he] was the thief

from his failure to testify . . . ."  Finding no error, we affirm appellant's conviction.

## I.  BACKGROUND

"Under familiar principles of appellate review, we view the evidence and all reasonable

inferences fairly deducible from that evidence in the light most favorable to the Commonwealth,

the party that prevailed below."  Banks v. Commonwealth, 41 Va. App. 539, 543, 586 S.E.2d

876, 877 (2003).  Consistent with this principle, the evidence proved that during the early

morning hours of October 18, 2004, someone broke into the Sycamore Grocery Store in Gretna

and stole cigarettes and Virginia Lottery scratch-off tickets.[1]  Later that same morning, storeowner Douglas Dalton called the Virginia Lottery's hotline and reported the serial numbers of the tickets missing following the break-in.  Lottery officials flagged those tickets in its statewide, computerized database system.  Once flagged, if any of the missing tickets was presented for payment, the computer would generate an exception message, directing the cashier to not redeem the ticket and to contact Lottery officials.

Around 11:30 a.m. that same day, appellant entered the Fast Stop Food Mart in Altavista, located approximately fifteen miles from the Sycamore Grocery.  The cashier knew appellant because she had lived "across the street" from him for approximately thirteen years.  Appellant handed the cashier three scratch-off tickets to determine if they were winners.  When she scanned the tickets into the store's Lottery computer terminal, the Lottery database recognized those tickets as three of the eight reported missing following the Sycamore Grocery break-in, and generated an exception message directing her to contact Lottery officials.  Unable to redeem the tickets, the cashier handed them back to appellant, who then left the store.

A lottery "exception activity" report, admitted into evidence, detailed the exact time, 11:31 a.m., and location where three tickets[2] were presented for payment, and identified each ticket as previously reported lost or stolen.  Using this report, a Virginia Lottery investigator tracked the three tickets to the Altavista Fast Stop Food Mart, where the cashier identified appellant as the person who had presented tickets for payment which had been rejected.

---

[1] The tickets reported missing were:  three "Triple Sevens," ticket numbers 11, 12, and 13 (each a $5 ticket); two "Double Down Doubler" tickets, numbers 31 and 32 (each a $2 ticket); and two "Rag Top Riches," ticket numbers 15 and 16 (each a $2 ticket).

[2] The report listed "Double Down Doubler" ticket number 31, "Rag Top Riches" ticket number 15, and "Triple Sevens" ticket number 11.

At trial, appellant called as his only witness Pittsylvania Sheriff's Investigator Boyd Arnold, whose testimony showed inconsistencies between the cashier's statements to him during his investigation of the incident and her testimony at trial.[3]

Among the instructions the trial court gave the jury were Instruction 2, instructing it that "[t]here is no burden on the [appellant] to produce any evidence"; Instruction 3, instructing it that "[t]he [appellant] does not have to testify, and exercise of that right cannot be considered by [it]"; and Instruction 7, providing in pertinent part: "Proof of the exclusive personal possession by the [appellant] of recently stolen goods is a circumstance from which you may reasonably infer that the [appellant] was the thief unless the [appellant] offers a reasonable account of possession consistent with innocence which the Commonwealth has failed to prove untrue."

Appellant timely objected to Instruction 7, arguing that the words "unless the [appellant] offers a reasonable account of possession consistent with innocence" impermissibly told the jury that it could infer appellant's guilt if he did not testify, and thereby violated his Fifth Amendment right under the United States Constitution not to testify. This appeal followed.

II. ANALYSIS

Appellant contends that the trial court erred, as a matter of law, when it granted Instruction 7. "'A reviewing court's responsibility in reviewing jury instructions is "to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises."'" Gaines v. Commonwealth, 39 Va. App. 562, 568-69, 574 S.E.2d 775, 778 (2003) (*en banc*) (quoting Darnell v. Commonwealth, 6 Va. App. 485, 488, 370 S.E.2d 717, 719 (1988) (quoting Swisher v. Swisher, 223 Va. 499, 503, 290 S.E.2d 856, 858 (1982))). "[It] is the duty of

---

[3] The inconsistencies related to the wording of the message that appeared on the Lottery terminal when the cashier scanned in the tickets, the make and model of the car in which appellant arrived as a passenger at the Altavista store, and the name of the person who drove the car.

the jury to consider the instructions as a whole and in the light of the evidence applicable to the issues presented." Rollston v. Commonwealth, 11 Va. App. 535, 541, 399 S.E.2d 823, 826 (1991).

In considering appellant's challenge to Instruction 7, we note that the Fifth Amendment to the United States Constitution provides, in pertinent part, that an accused in a criminal case "cannot be compelled in any criminal case to be a witness against himself . . . ." U.S. Const. amend V. Consistent with that protection, the government is prohibited from telling a jury that "a defendant's silence is 'evidence of *guilt*.'" Portuondo v. Agard, 529 U.S. 61, 69 (2000) (quoting Griffin v. California, 380 U.S. 609, 615 (1965)) (internal citations omitted).[4] In determining whether an instruction given by a trial court impermissibly commented upon an accused's right not to testify, we consider whether:

> "the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the [failure] of the accused to testify." Hazel v. Commonwealth, 31 Va. App. 403, 411, 524 S.E.2d 134, 138 (2000) [(citations omitted)]. Thus, a comment on the defendant's failure to contradict the incriminating evidence presented by the prosecution does not offend the Fifth Amendment if, in context, the comment could be understood to refer to contradictory evidence from sources other than the defendant. See Johnson v. Commonwealth, 236 Va. 48, 51, 372 S.E.2d 134, 136 (1988).

Pollino v. Commonwealth, 42 Va. App. 243, 250, 590 S.E.2d 621, 625 (2004)

(alteration added).

Here, Instruction 7 informed the jury that if it found the evidence proved that appellant presented recently stolen lottery tickets to the cashier, it could reasonably infer that he stole those tickets, unless he offered a reasonable account of his possession of those tickets, consistent with

---

[4] "'Our courts have consistently held that the protections afforded under the Virginia Constitution are co-extensive with those in the United States Constitution.'" Henry v. Commonwealth, 32 Va. App. 547, 551, 529 S.E.2d 796, 798 (2000) (quoting Bennefield v. Commonwealth, 21 Va. App. 729, 739-40, 467 S.E.2d 306, 311 (1996)).

his innocence, that the Commonwealth did not disprove. By its verdict, the jury determined that appellant failed to offer a reasonable account of his possession of those stolen tickets, and inferred that he was the thief.

In addition to Instruction 7, which appellant argues told the jury it could infer his guilt from his not testifying, the trial court also instructed the jury that appellant did not have to present any evidence (Instruction 2). It futher instructed the jury that appellant did not have to testify and that it could not consider his failure to testify in its deliberations (Instruction 3). Virginia appellate courts have consistently held that a jury is deemed to have considered the instructions given to it as a whole, and in light of evidence applicable to the issues presented to it. See Jordan v. Commonwealth, 50 Va. App. 322, 329, 649 S.E.2d 709, 713 (2007); Walshaw v. Commonwealth, 44 Va. App. 103, 119, 603 S.E.2d 633, 641 (2004); Rollston, 11 Va. App. at 541, 399 S.E.2d at 826. We find nothing in the record to suggest that the jury did not do so here.

From the record before us, we cannot conclude that Instruction 7, particularly considered together with Instructions 2 and 3, "'was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the [failure] of the accused to testify.'" Pollino, 42 Va. App. at 250, 590 S.E.2d at 625 (quoting Hazel, 31 Va. App. at 411, 524 S.E.2d at 138) (alteration added).

### III. CONCLUSION

For the foregoing reasons, we affirm appellant's conviction of larceny, third or subsequent offense.

Affirmed.